By the Court, Monell, J.
The reference in the complaint to the “ eleventh ” section of the general manufacturing law, instead of the twelfth, which prescribes the duties of corporations in respect to making annual reports, was apparently a mere error of the draftsman or copyist of the pleading. It is wholly immaterial. Public statutes need not be recited, or even referred to, in a pleading. It is sufficient, if the case is brought within the statute. (Bayard v. Smith, 17 Wend. 88. Cole v. Jessup, 10 How. Pr. 524.) In pleading a private statute, or a right derived therefrom, it is sufficient to refer to such statute by its title, &c. (Code, § 163.) The reference, therefore, to the eleventh section *140 was mere surplusage, and the error must he disregarded; more especially, as all question is removed by a subsequent averment in the complaint, that such company has not published and filed any such report as is required by “ said law.”
The liability imposed by the act upon trustees of manufacturing companies for neglecting to file an annual report, is in the nature of a penalty for misconduct in office. (Bird v. Hayden, 2 Abb. Pr. N. S. 61.) The penalty imposed is the debt contracted by the corporation. Although the recovery of a judgment against the corporation extinguishes the debt" as to it, I do not think that such recovery affects the penal liability of a trustee. A judgment is a debt, and the extinguishment of a simple contract debt, and its merger into the higher debt, does not in terms, nor by implication, discharge the liability of a trustee. It may operate as a bar to another action against the corporation, but it lays no foundation for an action against a trustee. Such latter action is not for the recovery of the debt, but to recover a penalty, the measure of which is regulated by the debt.
While the statute does not require a judgment against the corporation, as preliminary to charging a trustee, as is required to fix the liability of stockholders, in certain cases, it does not forbid such a judgment. The liability is for a debt contracted by the corporation, but the judgment is not evidence of such debt, nor is the amount of the judgment, the measure of damages against a trustee. Trustees are only liable for their own default or misconduct, and not for the default or misconduct of their .predecessors or successors in office. (Boughton v. Otis, 21 N. Y. Rep. 261. Shaler v. Hall Quarry Company, 27 id. 297.) Hence, it must appear that the penalty was incurred while they held office. So, an action to recover such a penalty must be brought within three years after *141 the cause of action shall have accrued. (Code, § 92, sub. 2. Merchants’ Bank v. Bliss, 13 Abb. Pr. 225. S. C. 21 How. Pr. 365.) The debt, therefore, must exist at the time of the default, and be contracted by the corporation while the trustees sought to be made liable are in office; and the statute has reference to such debts and no others. (Boughton v. Otis, supra.) A different construction would render the three years limitation nugatory. A creditor could delay suing the corporation upon its contract until the day immediately before that on which the statute of limitations would attach, then, having obtained his judgment, wait nearly three years longer before attempting to charge the trustees, and. then claim the judgment to be the debt, and that the statute began to run only from its recovery.
Upon the construction I have given the statute, the . “ debt ” for which the trustee may become liable, is the original debt contracted by the corporation; not the judgment which the creditor may have recovered against the corporation. The recovery of such judgment was therefore, unnecessary; and the allegations in the complaint in respect to it entirely immaterial. It did not extinguish the debt, in the sense that the trustee would not be liable for his default; nor does it become any material fact, in the statement of the plaintiff’s cause of action.
But the complaint is defective, I think, in not averring that the debt was existing at the time the default was made, or was contracted afterwards. The debt was contracted in April, 1863. For such debt, the trustees in office at the time, became liable by omitting to file a report within twenty days from the first of January, 1864. The complaint does not allege that such debt existed at the time default was made by the trustees. The judgment was recovered in October 1863, and it is alleged that an execution was at the same time issued, *142 which has been returned unsatisfied. It is not alleged that the judgment or the debt against the corporation is unpaid, or that it was unpaid when the trustees failed to make their report; the only, averment being, that the judgment and the debt have been assigned to the plaintiff and “ there is now due to the plaintiff from 'the defendant a certain sum ($399.04.) ” Whether such amount is due upon the judgment, or for the debt, or upon the defendant’s liability as a trustee, or otherwise, does not appear. This criticism of the complaint is justified by Chambers v. Lewis, (28 N. Y. Rep. 454.)
Again, the statute makes the trustees liable; but it is not averred in the complaint, that the defendant was a trustee at the time of default, unless the allegation, that he has at all times been president of the corporation, is to be regarded as sufficient. The president, it is true, must be selected from the trustees, and is necessarily a trustee; but, I think, he must be sued as trustee and not as president.
For the reasons assigned, I am of opinion, that the facts • stated in the complaint are not sufficient to constitute a cause of action, and therefore the demurrer should have been sustained.
The order overruling the demurrer must be reversed, and judgment .rendered for the defendant thereon, with costs; with leave to the plaintiff to amend his complaint, on payment of such costs.
hfo costs to either party on the appeal.