3. That if it does not so act, then this action is in form an action at law; and,

4. That in either point of view the defendant was entitled to a trial by jury on all the issues presented.

The judgment should therefore be reversed.

---

## ANDREWS *a.* MURRAY.

*New York Common Pleas; Special Term, January,* 1859.

PLEADING.—LIABILITY OF TRUSTEE FOR DEBT OF CORPORATION.

The complaint in an action to enforce the personal liability of a trustee for a debt of the corporation, in alleging the incorporation showed that the number of trustees was fixed at three, and that the plaintiff was one of the trustees for the first year; and then alleged that in the following year three other persons were elected as trustees.

*Held,* that it was sufficiently implied that the plaintiff ceased to be a trustee.

The action was to recover from the trustee the amount of a judgment recovered against the corporation in 1857, and the complaint alleged that the annual report required by law was not made within twenty days from the first of January, 1855, nor at any time since.

*Held,* a sufficient allegation of neglect to report in 1858.

Whether the action could be maintained on showing only a neglect before recovery of the judgment against the corporation,—*Query ?*

A judgment for costs against the corporation is a "debt" within the provisions of the statute relative to the formation of manufacturing, &c.; corporations (*Laws of* 1848, 54, §12), rendering the trustees personally liable, in certain cases, for debts of the corporation.*

Form of a complaint in such an action.†

Demurrer to complaint.

---

\* Compare Bailey *a.* Bancker, 3 *Hill,* 188.

† OGDEN *a.* ROLLO (*Supreme Court, First District; Special Term, June,* 1859) was an action brought by the plaintiff as a creditor of an insurance company, and

This action was brought to enforce payment of a debt due from the Rahway Steam Brickworks Company, against the defendant as trustee of the company, on the ground of default on the part of the trustees in filing an annual report, as required by law.

seeking to hold the defendant, who had been one of its trustees, liable personally for his claim against the company, on the ground of negligence and mismanagement on the part of the trustees.

The complaint was in the following form:

I. That during the time hereinafter named the plaintiff was an insurer on marine policies in the International Insurance Company, and was, and now is, a creditor of said company, and the defendant was a trustee of said company.

II. That from the 15th of September, 1855, to the 1st of July, 1856, the International Insurance Company was a corporation existing by virtue of the laws of the State of New York, and authorized by law to make insurances.

III. That at a meeting of the board of trustees of said corporation, at which defendant was present, during the time aforesaid, the said trustees made dividends to the persons holding policies of the said corporation, which dividends were not made from the surplus profits arising from the business of said corporation.

IV. That at a meeting of the board of trustees of said corporation, at which the defendant was present, and when the said corporation was insolvent and in contemplation of insolvency, conveyances, assignments, and transfers of the assets and property of said corporation were made, with the intent of giving a preference to particular creditors of said corporation over other creditors of said company.

V. And the plaintiff further says that he is, and was on the 1st day of July, 1856, a creditor of said corporation for the sum of $6000. That in consequence of the wrongful acts and violations of law of the defendant, with the other directors of said corporation hereinbefore mentioned, the said corporation, prior to said 1st day of July, became, and now is, wholly insolvent; that he has sustained loss by reason thereof in the sum of $6000.

And for further and separate cause of action, the plaintiff shows to this court—

VI. That from September, 1855, to July, 1856, the International Insurance Company hereinbefore mentioned was a corporation whose place of business was in the city of New York; that said corporation was authorized by law to make insurances; that during the said time the said corporation did make insurances for plaintiff, in the sum of $6000, on two vessels—viz., $4000 on a vessel named the "*Driver*," and $2000 on a vessel named the "*Racer*;" that on said vessels respectively there were total losses, and the said corporation on said insurance became liable, and now is liable to pay to the plaintiff the said sums of $4000 and $2000, no part of which has ever been paid. And the plaintiff says that the said corporation, at the time said insurances were made, and at the time when the sums above named fell due, was, and now is, utterly insolvent and unable to pay any portion of the said sums of money so due to the plaintiff.

That said insolvency of said corporation was caused by the wrongful acts of the defendant as a trustee of said corporation in this: that said defendant, in conjunction with other trustees forming a quorum of the board of trustees, sold, assigned, transferred, and set over the assets and property of said corporation, in contem-

The allegations of the complaint were as follows:

That at said city of New York, on or about the 25th day of April, in the year 1853, the said defendant, together with one Pierre C. Kane and the plaintiff, being desirous of forming a company for the purpose of carrying on the manufacturing and mechanical business hereinafter specified, in pursuance of the act entitled, "An act to authorize the formation of corporations for manufacturing, mining, mechanical, or chemical purposes," passed·February 17th, in the year 1848, did, in accordance with said act, make, sign, and acknowledge, in due form of law, be-

plation of the insolvency thereof, and when insolvent, with intent of giving a preference to particular creditors over the other creditors of said corporation; and also in this, that said defendant, in violation of his duty as said trustee, permitted the officers of said corporation to take, use, sell, assign, and dispose of the assets, notes, and property of said corporation, without any resolution of the board of trustees of said corporation, and to take, convert, and apply the same to their own use; and also in this, that said defendant permitted the officers of said company to procure and receive and publish, as among the assets and notes in advance of premiums of the said company, the notes of minors and of persons known to be irresponsible, and persons who did not intend to take policies in said company, with the known fraudulent design of representing said notes of such minors and irresponsible persons as a portion of the capital of said corporation, and as a security for dealers; that said notes, so obtained, were placed on the books of said corporation, among its notes in advance of premiums, and its assets were published as such notes and assets, and submitted to the comptrollers of the State of New York as such notes and assets.   That in consequence of such false and fraudulent representations and publications, said plaintiff insured his said ships, the "Racer" and "Driver," in said company, and paid the premiums thereon; and but for said false representations, would have insured them in some responsible company; and that the plaintiff, by the fraud and negligence of the said defendant, has sustained damage to the amount of $7000.

Wherefore the plaintiff brings his action, and claims judgment against the defendant for the sum of $10,000 and costs.

The defendant demurred to each statement of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

*Gilbert Dean,* for the plaintiff.

*E. W. Chester,* for the defendant, cited Snyder *a.* Craig, 2 *Johns.*, 428 ; Burnett *a.* Bisco, 4 *Ib.*, 235 ; 5 *Greenl. R.*, 415 ; 2 *Henn. & M.*, 600; 2 *Wils.*, 10.

CLERKE, J., overruled the demurrer, with costs.   No written opinion was rendered.

See also on this subject Gwynne *a.* Kettel, cited in *Abbotts' Forms of Pleadings*, 368, *note a.*

fore one Lewis Hurst, who was then and there a commissioner of deeds, in and for the city and county of New York, duly qualified and competent to take the acknowledgment of deeds, a certificate in writing, which, with the said commissioner's certificate, was in substance as follows :

[*Here followed a certificate of incorporation, signed by the plaintiff, the defendant, and a third party. The certificate fixed the number of trustees at three, and named the three corporators who signed it as the trustees for the first year.*]

And the said plaintiff further says, that afterwards, to wit, on said 25th day of April, in the year 1853, the subscribers to said certificate filed the same, so acknowledged, in the office of the clerk of the city and county of New York, and that on the 26th day of April, in the year 1853, they filed a duplicate thereof in the office of the secretary of state of this State; and thereupon the subscribers to said certificate, and their successors, became, and ever since have been, a body politic and corporate, in fact and in law, by the name of the "Rahway Steam Brickworks," under and in pursuance of the act aforesaid.

And the said plaintiff further says, that immediately thereafter, to wit, on or about the said 25th day of April, in the year 1853; the said subscribers to said certificate, being then and ever since citizens of this State, accepted said office of trustees, and entered upon and continued to discharge the duties thereof until the 4th day of April, 1854; and that afterwards, on said 4th day of April, 1854, trustees were duly elected to manage the business of said company for the year ensuing, and that Clarence Livingston, Chauncy Barnard, and said Pierre C. Kane were elected such trustees. That on or about the 13th day of October, in the year 1854, said Pierre C. Kane resigned his said office, and the defendant was duly elected a trustee of said company in the place of said Kane, and that the defendant has ever since continued to be a trustee as aforesaid, and as such has continued to conduct and manage the stock, property, concerns, and business of said company.

And the said plaintiff further says, that the said company did not, within 20 days from the first day of January, 1855, make, and have not at any time since made a report stating the amount of its capital, and of the proportion of the same actually paid in, and the amount of the existing debts of the said com-

pany at the period last aforesaid, or at any period subsequent thereto; nor did said company cause any such report to be signed by its president and a majority of its trustees, nor to be verified by the oath of its president, nor by the oath of its secretary, nor to be filed in the office of the clerk of the city and county of New York; nor to be published in any newspaper printed and published in the city and county aforesaid; and the said defendant, and also said company, wholly neglected and refused during said period, and have ever since neglected and refused, to cause any such report to be made, signed, verified, filed, printed, and published, in conformity with the provisions of the 12th section of said act; and they, the said company and the said defendant, as such trustee, have at all times neglected and refused, and still do neglect and refuse, to comply with the provisions thereof.

And the said plaintiff further says, that at the city of New York, on or about the 13th day of October, 1854, the said company, by a resolution of its trustees, of whom the defendant was one, instituted an action in the Supreme Court of this State against the plaintiff, by summons and complaint; and thereupon such proceedings were had that the said Supreme Court, on the 16th day of March, in the year 1857, dismissed said complaint, with costs; and that said costs were afterwards, on the 6th day of April, in the year 1857, duly adjusted and taxed, in the sum of $1212.97, on which 6th day of April aforesaid the judgment-roll in said action was duly filed in the office of the clerk of the city and county of New York.

And said plaintiff further says, that the said judgment, so recovered by the plaintiff against said company, still remains in full force and effect, and that the same has not, nor has any part thereof, been in anywise paid or satisfied.

And the plaintiff says, that the defendant, by means of the premises, became, and is, liable to pay to the plaintiff the said sum of $1212.97, together with the lawful interest thereon from the said 6th day of April, 1857.

Wherefore, &c.

The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*H. & C. Andrews*, for the plaintiff.

*Fullerton & Dunning*, for the defendant.

BRADY, J.—The complaint, upon examination, will be found to contain enough to constitute a cause of action. The certificate which was filed on the 25th of April, 1853, provided that the trustees of the company should consist of three persons, and named them as the persons who should manage the concerns of the company for the first year. The plaintiff was one of the persons so named. It is alleged in the complaint that he accepted the office of trustee, and entered upon and continued to discharge the duties thereof until the 4th of April, 1854, when three persons, who are also named, were elected trustees to manage the business of the company for the ensuing year. This is not stating the fact directly that the plaintiff had ceased to act as a trustee, but it is a statement of facts which admits of no other conclusion, and is clearly sufficient. The plaintiff's term expired by limitation (act of 1848, §§ 1, 2, 3), and upon the election alleged he ceased to be a trustee. This view disposes of the first objection, urged on the demurrer.

The complaint also alleges that the report—which is required by section 12 of the act, *supra*, to be annually made, and within twenty days from the first day of January in each year—was not made within twenty days from the first day of January, 1855, or at any time since, showing the amount of capital paid in at that period, or at any period subsequent thereto ; and this, though it is an indefinite way of stating the fact, is substantially an allegation that no such report was made within twenty days from the first of January, 1858. I am led to comment on this feature of the complaint, because I think that if the action were predicated on the omission to file the report required within the twenty days from the first of January, 1855, this action could not be maintained, inasmuch as the judgment was not recovered, and the debt did not exist until April 6, 1857. If the complaint was demurrable because indefinite, I might feel it to be my duty to give judgment for the defendant ; but, such not being the law, it is necessary to determine whether, assuming all the facts alleged to be true, the plaintiff is entitled to recover.

Applying this rule, then, and it appearing that no report was filed within twenty days from the 1st of January, 1858, the only question remaining to be disposed of is, whether a judgment for

costs is a debt within the meaning of section 12 of the act of 1848 mentioned. The legal acceptation of debt is a sum of money due by certain and express agreement. (*Jacobs' Law Dic.; 3 Blackst. Com.*, 154; Denny *a.* Manufacturing Company, 2 *Hill*, 233.) It is also said by Jacobs, under "debt," that "whatever the laws order any one to pay, that becomes instantly a debt, which he hath beforehand contracted to discharge;" and I doubt not that a judgment against the Rahway Steam Brickworks Company for costs is a debt existing against them within the meaning of the section referred to. The statute embraces debts existing, and all that shall be made. (See Garrison *a.* Howe, 3 *E. P. Smith's* (17 *N. Y.*) *R.*, 458.)

I am of opinion, therefore, that judgment must be given for the plaintiffs on the demurrer, with liberty, however, to the defendants to answer in twenty days, on payment of the costs of the issue of law.

Order accordingly.