## THE SHALER AND HALL QUARRY COMPANY *vs.* BLISS and others.

The liability of trustees of a corporation, for failing to make the annual report required by the 12th section of the act of February 17, 1848, authorizing the formation of corporations for manufacturing, mining, mechanical or chemical purposes, is in the nature of a penalty or punishment for the omission of a duty. The liability attaches to the individuals, who may change, and not to the office, which does not change.

The section should be construed as though the words " during their continuance in office" had been added, at the end thereof.

Accordingly *held* that the trustees who have neglected to make their report are not personally liable for debts not contracted until after they have ceased to be trustees of the company.

THIS action was brought to charge the defendants with a debt of " The Hudson River Stone Dressing Company," a corporation organized under the act of this state of February 17th, 1848, authorizing the formation of corporations for manufacturing and other purposes. The complaint alleges a sale and delivery by the plaintiff to said Hudson River Stone Dressing Company, on or about the 12th day of April, 1854, of goods &c. to the value of $2042.15, and that said company accepted two drafts drawn by the plaintiff for said goods,

&c.; said drafts respectively bearing date April 20th and 27th, 1854, for the sums of $832.75 and $1209.40, and both payable in three months from their dates. The complaint further alleges the due presentment and non-payment of said drafts, and that the sums of money therein specified are still due to the plaintiff. The complaint also avers that the defendants were duly appointed the trustees of said corporation, on or about March 31st, 1853, and accepted said office and continued therein until the 18th day of April, 1854; that said corporation failed to make, within twenty days from the first day of January, 1854, the report required by the 12th section of said act of 1848 ;(*a*) and that no report containing the statements required by said section was made until July 31st, 1854. The said drafts respectively fell due on the 23d and 30th days of July, 1854. The answer denies any sale and delivery, &c. as alleged, *prior to the* 19*th of April*, 1854.

The action was tried before his honor Justice SUTHER-LAND, without a jury, who found as facts in the case : The due incorporation of the plaintiff, and of said Hudson River Stone Dressing Company; the sale and delivery by the plaintiff to said Stone Company, " on or about the 19th day of April, 1854, and after the 18th of said April," of stone to the value alleged in the complaint ; that acceptances were given therefor, which have been lost ; that nothing has been paid on said debt; that the defendants ceased to be trustees of said Stone Company on the 18th day of April, 1854; and that said company did not, within twenty days from January 1st, 1854, make the report required by said 12th section of the act of 1848, and that no report of the condition of the company was filed until July 31st, 1854. From these facts his honor found as a conclusion of law, that the defendants were entitled to judgment, " on the ground that the debt for which the action was brought was not contracted until after they had ceased to be trustees of the company." Judgment

(*a*) Laws of 1848, p. 57.

Morange *v.* Morris.

having been perfected in favor of the defendants, upon said decision, the plaintiff appealed therefrom.

*H. & C. S. Andrews,* for the appellant.

*Charles F. Sanford,* for the respondents.

BY THE COURT. We think the construction of § 12 of the act, by the court below, was correct. The liability of the trustees, by that section, is of the nature of a penalty or punishment for the omission of a duty. The section was properly worded, without reference to the fact that there would be or might be a change of trustees. The liability attaches to the individuals, who may change, and not to the office, which does not change.

We think that the section should be construed as though the words " during their continuance in office " had been added to the end of the section. It may be said that these words are impliedly added.

· The judgment below should be affirmed, with costs.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Leonard* and *Sutherland,* Justices.]