## THE QUARRY COMPANY a. BLISS.

*Supreme Court, First District ; General Term, June,* 1861.

LIABILITY OF TRUSTEES OF MANUFACTURING CORPORATIONS.

Under section 12 of the act ·to incorporate manufacturing and other companies, the trustees who have neglected to report are not personally liable for debts contracted after they ceased to hold office as such. The section should be construed as though the words "during their continuance in office" had been added·to the end of the sentence.

Appeal from a judgment.

This action was brought by the Shaler & Hall Quarry Company, to enforce the liability of the defendants, George Bliss and Charles Abernethy, as trustees of the Hudson River Stone-

The Quarry Company *a.* Bliss.

dressing Company, a corporation organized under the general manufacturing law of the State of New York, for acceptances, by the latter company, of the plaintiff's drafts, dated respectively on the 20th and 27th days of April, 1854, for the respective sums of $832.75 and $1,209.40, both payable to the order of plaintiff, at three months after date,—these drafts having been drawn against cargoes of Connecticut brown-stone, sold and delivered by plaintiff to the defendant's company, between the 19th and 27th days of April, 1854. The liability sought to be enforced was that imposed by the 12th section of the General Manufacturing Corporations Act of February 17, 1848. It was admitted by the pleadings that the annual report required by the 12th section was not filed or published within twenty days from the 1st of January, 1854, nor until the 31st day of July, 1854. The evidence showed that no part of the stone furnished by plaintiff was delivered until after the 18th day of April, 1854, and that the defendants ceased to be trustees of the company on that day,—their term of office having previously expired, and an annual election having on that day taken place, at which their successors in office were duly elected.

The court below gave judgment for the defendants (see our report of the decision, 10 *Ante,* 211); and from the judgment plaintiffs appealed.

By the Court.*—We think the construction of section 12 of the act by the court below was correct.

The liability of the trustees by that section is of the nature of a penalty or punishment for the omission of a duty.

The section was probably worded without reference to the fact that there would be or might be a change of trustees.

The liability attaches to the individuals who may change, and not the office, which does not change.

We think that the section should be construed as though the words "during their continuance in office" had been added to the end of the sentence.

It may be said that these words are impliedly added.

The judgment below should be affirmed, with costs.

---

* Present, CLERKE, P. J., SUTHERLAND and INGRAHAM, JJ.