# NEW YORK SUPERIOR COURT.

## The Merchants' Bank of New Haven agt. George Bliss and others.

An action brought to charge the defendants, as trustees of a manufacturing corporation, organized under the statutes of this state, with *personal liability for a debt of the company,* on the ground of omission to file the report of the company as prescribed by statute, and declaring and paying improper dividends, is an action *upon a statute for a penalty,* given to the party aggrieved, and must be commenced *within three years after the cause of action accrued.*

*General Term, August,* 1861.

*Before* Bosworth, *Ch. J.,* Hoffman *and* Robertson, *Justices.*

This action was brought to charge defendants, as trustees of the Empire Stone Dressing Company, a corporation organized under the general manufacturing law of this state, with personal liability for an acceptance of such company, bearing date April 4th, 1854, and payable sixty days from date, on the grounds:

I. That the annual report required by the twelfth section of the general manufacturing act was not filed by said company within twenty days from the first day of January, 1854, nor until after said draft was accepted.

II. That the annual report of such company, filed on the twentieth day of January, 1853, was untrue, and contained material false representations.

III. That during the year 1853 the trustees of such company declared and paid dividends tending to render the company insolvent.

The defendants answered to the merits, denying most of the allegations in the complaint, and they also set up by way of affirmative defence:

I. That the action is upon a statute for a penalty where the action is given to the party aggrieved, and that the same was not commenced within three years after the cause of action accrued. .

II. That at the maturity of the bill, and long afterwards, the company and its stockholders (who were liable for its debts) were solvent, and that the latter still continue to be solvent and responsible; that no suit was instituted as against the company for nearly three years after such maturity, and that by reason of this delay the stockholders were exonerated and discharged; that no claim or demand was ever made on defendants, nor was notice ever given to them, nor have they ever had an opportunity of subrogation, prior to such release and discharge of said stockholders.

To the last two " separate defences" the plaintiff demurred on the ground of insufficiency, and to the last for duplicity.

The case comes before the court at general term, on appeal from an order made at special term, sustaining such demurrer.

C. T. Sandford, *for appellants*
Wm. Bliss, *for respondents.*

By the court, Robertson, Justice. Either this action is founded upon a statute, and brought for a penalty or forfeiture by the aggrieved party, within the meaning of the second subdivision of the 92d section of the Code, or the subject of it is a liability created by statute other than a penalty or forfeiture, or a contract obligation or liability expressed or implied under the 91st section of the Code. If it be the first, it could only have been brought within three years after the cause of action accrued.

If the liability of the defendants were of common law origin, and only aided or modified, not created by statute, it would come within the 1st subdivision of the 91st section; for the liability of stockholders of manufacturing corporations, which was of common law origin, was held to be governed by a corresponding provision in the Revised Statutes. (*Corning* agt. *McCullough*, 1 *Coms.*, 62.)

The liability of the defendants might also, if created by statute, be included in the second subdivision of the 91st section of the Code, unless it were a penalty or forfeiture; for that section might be construed to embrace some intermediate kinds of liability between that at common law, modified or aided by statute, and a penalty or forfeiture, upon the principle that it was intended to include classes of liabilities not embraced either in the 1st subdivision of the 91st section or 2d subdivision of the 92d; but the object of such 2d subdivision of the 91st section was to legalize a distinction, supposed to be sustained by authority, between a liability in the nature of a contract created by statute and a penalty or forfeiture, at least so the framers of the Code have informed us in a note to such subdivision in their first report (*p.* 99,) and they refer to the decisions of *Freeland* agt. *McCullough*, 1 *Den.*, 414, and *Van Hook* agt. *Whitlock*, 3 *Paige*, —, as containing an exposition of such distinction; but it would seem also that they had heard of the decision in *Corning* agt. *McCullough*, in the court of appeals, which overruled the cases to which they referred, and without waiting to ascertain the extent of that decision, they propose to regulate anew by statute the time for bringing suits upon liabilities, such as that of the stockholders of companies. Although the commissioners refer to the views of Judge NELSON, in the case of *Van Hook* agt. *Whitlock*, I apprehend they did not intend, nor are they to be understood as intending, to incorporate all the illustrating cases suggested by that eminent jurist in a statute. The utmost they strove to attain was to separate actions for a penalty for a prejudicial act from those for compensation for a breach of contract; the first subdivision of section 91 is amply sufficient to include the latter, and, therefore, for such purpose it was superfluous, although such cases as the liability of an heir for the simple contract debts of his ancestor and the like, which are founded on contract,

although not that of the party liable, might be· included in such second subdivision.

The language, however, of the provision last referred to (§ 91, *sub.* 2) might be considered broad enough to include the liability of the defendants in this case, were it not for the words, "other than a penalty or forfeiture." By the second subdivision of section 92 the time is prescribed for bringing actions upon a penalty or forfeiture by the aggrieved party, and the two were evidently intended to comprehend all cases of liability created by statute; indeed, the 109th section of the Code recognizes this by restricting the actions against directors and stockholders of certain corporations, the time for bringing which is thereby limited to those for penalties and forfeitures, or for liabilities created by statute; the second subdivision of the 91st section should be read, therefore, as though the words "by the party aggrieved," were added at the end. If, therefore, the liability of the defendants be such as is included in the second subdivision of section 92, it would not be in the second subdivision of section 91, and it must, therefore, be determined what the former embraces.

The provision of the Revised Statutes, for which the second subdivision of section 92 of the Code is a substitute (2 *R. S.*, 29, § 31,) was in substance the same; the only change of language is merely substituting "penalty" for "cause," and "action is given" for "benefit and suit is limited," and striking out the time of "committing the offence" as the beginning of the period within which the action is to be brought; these changes do not disturb the purport and object of the statute; the word "cause" under the former provision was held to embrace liabilities which, although not technically penalties, were yet substantially penal, and operated to affect the party exposed to them in the same or a similar manner (*Corning* agt. *McCullough*, 1 *Comst.*, 64, *opinion of* JONES, *J.*,) and there is no evidence, unless it be afforded by the introduction of the second sub-

division in section 92, of any intention to change such enact-
ment; and that introduction is for an entirely different class
of cases from penal remedies. Under both the former and
present statutory provision, the action is required to be
both remedial and penal, for it is to be brought only by the
party aggrieved, in which case the legislature could not
take away the right of action, as it could for penalties for
offences in which the public might be interested, for bring-
ing which a shorter period of limitation is provided (*Code*,
§ 93, *sub.* 2.) The omission of the words " offence commit-
ted " from the present provision, is not less significant; for,
as the action is to be by a party aggrieved, and the sum to
be recovered is intended as indemnity for his private loss
by the act complained of, the term " offence " is not appro-
priate to it, although it might be in actions for penalties
given to the state or any one who would sue for it. Upon
the whole, therefore, the provision in its new form is not
to be considered as manifesting any intent to change its
substance in a mere revision of the statute such as this
part of the Code is. ·(*In re Brown*, 21 *Wend.*, 316; *Therin*
agt. *Hart*, 2 *Hill*, 380.) The present, therefore, no less must
be held to embrace the same kind of penal actions as the
former enactment.

Without reference, however, to the existence of the same
enactment in a different form, the present statute extends
to all actions for a penalty or forfeiture by an aggrieved
party; and the only question under it is what is a penalty
or forfeiture for which an aggrieved party can sue? Of
course the expression is elliptical, for the act or mode is
not stated by which the party is to be aggrieved. With
the ellipsis supplied, it would read " penalty or forfeiture
for an act other than the non-fulfillment of a contract by
which any person may be aggrieved," for in *Corning* agt.
*McCullough*, (1 *Comst.*, 69,) the term " party aggrieved "
is held to be inappropriate to those who sue on contracts
or liabilities for debts or damages. Penalty or forfeiture

does not necessarily imply a fixed sum, but anything imposed as a punishment, whether specific or measured by the value of the interest affected by the act complained of. Penalty is defined in *Burrill's Dictionary* as a " pecuniary punishment or sum of money imposed by statute, to be paid as a punishment for the commission of a certain offence," and a similar definition of it is given in *Bouvier*. Forfeiture is defined by Blackstone (2 *Com.*, 420) to be a loss of goods as a compensation for an offence and injury to the person to whom they are forfeited, as well as a punishment for a misdemeanor; and penalties, whose benefit is given to a party aggrieved, include equally with forfeitures the idea of both such compensation and punishment. The fact of such gift to the injured party does not make a penalty less one; nor would its extension to the whole value of the interest affected, instead of being limited to a fixed sum. On the other hand, it would cease to be a penalty if it were limited to the actual loss of the party. In fact, they are only created in cases where the proof of such loss is difficult, if not impossible, and where, by the probable excess of the penalty beyond the loss to the party injured, or gain to the offender, the latter may be deterred from the offence. It is merely because such penalties may surpass indemnity for loss, and are not measured by it, that they are so termed, because, as was laid down by this court in *Fry* agt. *Bennet,* (1 *Abb. Pr. R.,* 308,) every excess of even merely vindictive damages beyond the indemnity is a penalty.

The liability of the defendants does not arise from any act connected with the creation of the debt to the plaintiff. That debt is the interest affected by the failure to file a proper report or payment of improper dividends complained of. The grievance of the plaintiff consists of the effect upon his efforts in the collection of such debt, and not of any fraud or other influence in contracting it. The extent of that grievance could not easily be proved. It may not have equalled the whole amount of the debt, for the com-

pany may have been innocently insolvent before the time of filing the report required, or the dividends not sufficient to have paid the debts. The infliction upon the trustees of the payment of the whole debt is therefore a penalty, for which an action is given to an aggrieved party.

Moreover, the application of the term "penalty or forfeiture" to such liability as that of the defendants, has been fully recognized by the legislature. Actions for penalties and forfeitures against the directors and stockholders of moneyed corporations and banking associations are provided for in the 109th section of the Code; but it will be found, on an examination of the statutes in relation to such corporations and associations, that there is no instance of the infliction of a penalty of a fixed sum upon either directors or stockholders, *eo nomine;* all those which are imposed are to indemnify an injured party either fully or to the extent of the stock owned by the stockholders. (2 *R. S.,* 5*th ed.,* 591, § 10; *id.,* 592, §§ 15, 16, 17; *id.,* 602, § 3.) It is, therefore, plain that such liabilities as that of the defendants was intended to be embraced by the 92d section.

Besides these considerations, the period of limitation is made to run from the time the cause of action accrued, not from the time the debt was incurred; the defendants are made liable as trustees long after their liability as stockholders has ceased, and for the full amount of the debts, not merely to the extent of their stock or the injury to the creditor; and they have no right of contribution from the other stockholders. It is difficult to imagine a liability more wanting in all the features of a contract, or more fully possessing those of a penalty.

The demurrer, therefore, to the ninth paragraph of the answer must be overruled.

The tenth paragraph of the answer sets up as a defence, *laches* on the part of the plaintiffs in suing the company, and notifying the defendants, so as to enable them to proceed against the other stockholders, who are alleged to be

solvent.   This defence proceeds upon the principle that the other stockholders are involved in the liability of the defendants as trustees, either as joint contractors or sureties. If that were so, it would take away the character of the defendants' liability as a penalty, which has been already disposed of.   The demurrer to this part of the answer is well taken, and should be sustained.

The judgment in this case must, therefore, be, that the order made at special term be reversed, as to the demurrer to the defence contained in the ninth paragraph of the answer, and affirmed as to that to the defence in the tenth, without costs on the appeal, with liberty to both parties to withdraw or amend their defective pleadings in twenty days, on payment of costs.

---

## SUPREME COURT.