### ᴵ Miller *vs.* White and others.

Since the Code, the power of amendment given by section 173 is always exercised liberally; and although a complaint may be defective, yet if the court can see that there has been no surprise, and the parties have been fairly apprised of the questions sought to be litigated, substantial justice will be best promoted by trying the cause upon the merits, and giving a judgment upon the testimony, and according to the proofs.

A judgment, free from fraud, recovered against a corporation, is conclusive evidence of the indebtedness of the corporation, in a subsequent action brought against a stockholder, or the trustees of the corporation; and the defendants in the latter action are bound by it, as fully as the corporation itself.

When the trustees of a corporation are sued, there is no hardship in enforcing the rule. If a judgment against the corporation is unjustly obtained, they are guilty of a grave dereliction of duty if they fail to use the means provided by law to have the judgment reversed or vacated; and if they allow an unjust judgment to remain in force against the corporation whose interests they have undertaken to guard, they cannot complain when it is enforced against them personally.

Where, in such an action, the complaint alleged the recovery of a judgment against the corporation, and that the same was unpaid, in full force and owing to the plaintiff; *Held* that this was a sufficient statement of the indebtedness of the corporation to the plaintiff, without any averment as to the time when the original indebtedness was contracted, what it was for, or how much it was.

The complaint in such an action need not state that the defendants were trustees of the corporation when the debt was contracted. For an omission to file the annual report required by the statute, the trustees are liable for all the debts of the corporation then existing.

An allegation, in such a complaint, that the defendants failed to file any such report as is by law required to be filed within twenty days of January 1st in each year, is sufficient.

APPEAL from a judgment entered at a special term, dismissing the complaint, on the ground that it did not contain facts sufficient to constitute a cause of action, and from an order denying a motion for a new trial.

The action was brought by the plaintiff, against the defendants, to charge them, as trustees of the Gutta Percha Manufacturing Company, with a debt owing by the com-

pany, for which a judgment had been recovered, and an execution issued thereon had been returned unsatisfied.

The complaint alleged that on January 1, 1865, the said Gutta Percha Manufacturing Company were indebted unto the plaintiff. That an action to recover such indebtedness was commenced in the Supreme Court, and a summons duly served upon the president. That the company appeared and answered, and such proceedings were had, that on June 27, 1866, judgment was rendered in the plaintiff's favor, against the company, for $24.734.62. That execution was issued to the sheriff of the city and county of New York, and returned wholly unsatisfied; and that such judgment was wholly unpaid, and was in full force and owing by said company to the plaintiff, with interest.

The complaint also alleged that neither the corporation, nor the trustees thereof, did within twenty days from January 1, 1865, make, file or publish a report, as required by law, verified by the oath of the president or secretary thereof, and file the same in the office of the clerk of the county where the business of the corporation was carried on; nor within twenty days from January 1, 1866; nor within twenty days from January 1, 1867; nor had they, or any of them, ever, at any time, during the years 1865, 1866, 1867 or 1868, made, published, signed or verified, or caused to be made, published, signed or verified, or filed in the office of such clerk, any such report, as was by law required, since January 17, 1862.

The answers of the defendants denied the indebtedness of the corporation; denied that the amount claimed was due; and alleged that the judgment was obtained by fraud or collusion.

On the trial the defendants moved to dismiss the complaint, claiming that the allegation therein was not a sufficient statement of the indebtedness of the company to the plaintiff; and that the complaint should have stated when

Miller *v.* White.

the original indebtedness was contracted, what it was for, and how much it was. The court held the allegation insufficient, and dismissed the complaint.

*By the Court,* PRATT, J.  The office of a pleading is to apprise the parties to the action of the questions to be litigated, that they may be properly prepared to present their cause, upon the trial.  Technical rules are inevitable, in any science; but the extent to which they have been enforced, in some stages of legal history, has been made a reproach to jurisprudence.  The tendency of the present day is to relax strict rules whenever substantial justice will be advanced thereby.  All the changes in the rules of pleading and practice, for many years past, have been in this direction; and there can be no doubt that the present inclination of courts to try causes upon the merits is an advantage to suitors, and better subserves the purposes for which courts are instituted.

As the law now stands, (*Code,* § 173,) courts have power, in futherance of justice, to amend any pleading, process, or proceeding, by adding or striking out the name of a party, or by correcting a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, to conform the proceedings to the facts proved; and this can be done either before or after judgment.

This power is always exercised liberally, and where the court can see that no surprise is possible, and that the parties have been fairly apprised of the questions sought to be litigated, it is not very easy to put a case where substantial justice will not be best promoted by trying the cause upon the merits, and giving a judgment upon the testimony, and according to the proofs.  There is the less objection to this course from the fact that wherever a party finds himself in doubt as to the case made by a

pleading, he may apply to the court to have it made more definite and certain. By the defendants' not adopting that course in the present instance, we might perhaps infer that they were in no great doubt as to the case to be made by the plaintiff upon the trial; and this would be strengthened by the fact that the defendants were trustees of the corporation.

But we are not left to inference upon that subject. A judgment is a public record, and an examination of the judgment roll would certainly have conveyed all the information that could be desired as to the indebtedness upon which the judgment was recovered.

Our attention was called, upon the argument, to the fact that the testimony upon which the plaintiff relied, to prove his case, had been taken upon commission, and filed in the clerk's office many months before the trial. This testimony fully sets out the facts upon which the indebtedness is claimed to have arisen, and makes it certain that proof of those facts upon the trial could not have been a surprise to the defendants. In fact the particularity with which the defendants, in their answer, describe the facts, shows that their knowledge was abundant, and that they must have come to trial prepared to go into the whole matter.

I am therefore of opinion that the proper course, upon the trial, would have been to hear the testimony in the case; and that the cause should go back for a new trial, and be determined not upon a question of pleading, but upon the proofs. In my opinion that course will be "in furtherance of justice." The discretion of the court being conceded to be a legal discretion, and not an arbitrary power, this renders it proper to review at general term the course pursued at the circuit. If my brethren agree with me, this view will determine the case, so far as the question of a new trial is concerned.

But an important question, as to the weight to be given

to the judgment, was much discussed before us; and as it may arise upon the next trial, perhaps it is prudent to decide it now. The question arose early in the jurisprudence of this State, and after much discussion it was determined, in *Slee* v. *Bloom*, (20 *John.* 669,) that a judgment against a corporation was conclusive evidence of indebtedness of the corporation, in a subsequent action brought against a stockholder, (unless impeached for fraud,) and that the stockholder was bound as fully, by it, as the corporation itself. That decision seems to have settled the law for many years, and the case is laid down as a leading authority on the point, in *Angell & Ames on Corp.* § 515, without any expression of doubt as to the correctness of the doctrine. In *Moss* v. *Oakley*, (2 *Hill*, 265,) the late Supreme Court decided the question in the same manner. In *Moss* v. *McCullough*, (5 *Hill*, 131,) a different doctrine is advanced, but the decision was reversed in the court of errors, and the case seems to have stopped at 7 *Barb.* 279, where Justice Willard, delivering the opinion of the court, adheres to the early rule to its full extent. He holds the judgment to be full proof of debt, in an action against a stockholder, unless it is proved to have been fraudulently obtained. In *Peckham* v. *Smith*, (9 *How. Pr.* 436,) Justice Bacon discusses the question, and decides that the judgment binds the stockholder. This decision was affirmed at general term. (*See* 21 *N. Y. Rep.* 101.) In *Strong* v. *Wheaton*, (38 *Barb.* 616,) the Supreme Court came to a contrary conclusion, and held the judgment not to bind the stockholder, arguing that the case of *Slee* v. *Bloom* had been misconceived, and did not, when properly understood, support the doctrine hitherto supposed. But in *Belmont* v. *Coleman*, (1 *Bosw.* 188,) Judge Hoffman, before whom the case of *Slee* v. *Bloom* was finally closed, wrote a long and exhaustive opinion, reviewing all the cases, and re-asserting the old doctrine of *Slee* v. *Bloom*, holding that a judgment against a corporation is

*full and complete* evidence of indebtedness, in an action against a stockholder. So far as the general term decision can, that case seems to decide the question finally.

In *Squires* v. *Brown*, (22 *How. Pr.* 35,) as, in the case at bar, a trustee was sued, and when the case reached the general term, Judge Woodruff, who delivered the opinion of the court, after approving the doctrine so often laid down, that a judgment against a corporation is conclusive upon a stockholder, goes on to say that in the case of trustees, there is greater reason why they should be bound than in case of a stockholder, as they personally transact the business of the corporation. In *Belmont* v. *Coleman*, (21 *N. Y. Rep.* 96,) three judges in the Court of Appeals, decide that the judgment is evidence. As the question was not necessary to the decision of the case, the other judges declined to commit themselves to the doctrine, and gave no opinion. In *Conklin* v. *Furman*, (a) INGRAHAM, J., after reviewing the cases, holds that the judgment against a corporation is conclusive upon stockholders, unless impeached for fraud. A special term opinion by Brady, J., (*Andrews* v. *Murray*, 9 *Abb. Pr. R.* 8,) is cited by the plaintiff's counsel, and seems to be authority for the same doctrine.

These are all the cases I have been able to find in this State, in which this question has fairly arisen. In other states the doctrine of *Slee* v. *Bloom* is followed. (14 *Iowa Rep.* 235. 39 *Me. Rep.* 35. 40 *id.* 527.) And in *Bank of Australia* v. *Nias*, (4 *Eng. L. and Eq.* 252,) a stockholder was held to be concluded by a judgment against the corporation.

The rule that a judgment is evidence against a stockholder or trustee, is supported by such a preponderance of authority that it should be left to the court of last resort to change it, if a change is desirable. But on principle, the cases cited seem to be properly decided. Any other

(a) Ante p. 484.

rule would open the door to endless litigation between stockholders. One stockholder, when sued for a corporate debt, might fail in disproving the existence of the debt. Upon the same evidence, when another stockholder is proceeded against, another jury may come to a different conclusion. When the action for a contribution should be brought to trial, the difficulty would be great. Probably the best interests of the stockholders themselves would be promoted by holding that a judgment against the corporation, free from fraud, is conclusive upon the question. Certainly it is for the interest of the community that a fact once properly established should not again be brought in question. And where trustees are sued, there can be no pretense of hardship in enforcing the rule. For if a judgment is unjustly obtained, they are guilty of grave dereliction of duty if they fail to use the means provided by law to have the judgment reversed or vacated. If they allow an unjust judgment to remain in force against the corporation whose interests they have undertaken to guard, they cannot complain when it is enforced against them personally.

I have carefully examined the reported arguments and opinions, to see upon what ground it can be claimed that a judgment against a corporation has not the binding and conclusive nature of a judgment against an individual, but without success. Surely a judgment is as high evidence of indebtedness as the bonds that form a principal subject of financial transactions. Are bank notes any higher evidence? A judgment is the act of a court, before whom the parties have been brought, that is presumed to be impartial, and that will be prompt to correct any errors into which it may be led.

There seems to be no escape from the conclusion of Chief Justice Spencer, in *Slee* v. *Bloom*, (20 *John.* 669,) that a judgment is as conclusive upon the stockholder as upon the corporation.

Miller *v.* White.

The case of *Witherhead* v. *Allen,* (3 *Keyes,* 562,) was an action against a joint stock company, where all the members are partners, and is not in point. The statute respecting these associations expressly declares that no action shall be brought against the individual partners, until one has been brought against the company *upon the same demand.* Of course the demand upon which an action is brought cannot possibly be the judgment, that does not exist until the suit is ended. Before suing the partners upon the judgment, it would be a condition precedent that a suit upon *that judgment* had been previously prosecuted against the company. That decision goes upon the language of that particular act, and cannot affect the decision here.

Another point is urged, against the complaint, that it does not state that the defendants were trustees when the debt was contracted.

The language of the statute is, that if the companies shall fail to file a report, the trustees shall be jointly and severally liable for all the debts of the company *then existing.* The defendants ask us to exclude from the operation of the statute all such debts as were not contracted by the parties sued. No reason is given for taking this liberty with the statute, except that it is said to be a highly penal one. That affords no reason why the courts should repeal it. So long as it remains on the books, the courts must enforce it, according to a fair interpretation of its provisions. The trustees having the custody of the books, and the control of the corporate affairs, have the means of knowing what debts are in existence, and therefore know the full measure of liability they assume by neglecting their duty.

The opinion of Chief Justice Comstock, in *Boughton* v. *Otis,* (21 *N. Y. Rep.* 264,) is directly opposed to the construction claimed by the defendants. "A single case may occur where successive boards may be liable for the same

debts, and that is where there are successive defaults in January. By the very terms of the statute, the trustees omitting to file their statement within the first twenty days of that month, are liable for *all the debts then existing*. Now the debts then existing may be wholly or partly the very debts for which *their predecessors became liable* by reason of a default in the January of the previous year. But from this liability there is a chance of escape, by a simple performance of the duty required."

This opinion was expressly concurred in by a majority of the court, and was not dissented from by any member.

*Shaler & Hall Quarry Co.* v. *Brewster*, (10 *Abb. Pr.* 464) is to the effect that where a trustee fails to file a report in January, he becomes liable for debts contracted before he became a trustee.

Some other objections were made to the complaint, at general term, but as it was conceded that they were not pointed out at the circuit, they need not be considered. Had they been raised then, it is possible they might have been amended, and a party cannot be permitted to lie by until it is too late to obviate an objection, and then raise it for the first time. But the objections do not seem to be important. The failure of the complaint to specify the date in 1865, when John P. White resigned his trusteeship, if otherwise important, is cured by the answer, which fixes the date at February 16, 1865. The allegation that the " defendants failed to file any such report as is by law required to be filed within twenty days of January 1 in each year," is sufficient. Public statutes need not be referred to, in a pleading. The court is supposed to know them.

A new trial should be ordered; costs to abide the event.

[KINGS GENERAL TERM, February 14, 1870. *Gilbert, Tappen* and *Pratt*, Justices.]