# N. Y. SUPERIOR COURT.

## VICTOR VINCENT, plaintiff and respondent, agt. ALFRED B. SANDS, defendant and appellant.

The following four propositions may now be regarded as the laws of this state, in reference to the liability of manufacturing and mining corporations.

1. Upon the default of the company to *report*, all the *trustees* then in office are jointly and severally liable *for all the debts* of the company then existing, whether contracted by them or their predecessors, and for all that may be subsequently contracted during their continuance in office until report is made.

2. Trustees who upon such default retire from office, are liable for all the debts of the company then existing, but for no subsequent ones.

3. Their successors, by promptly obeying the requirements of the statute, may escape all liability ; but if they continue the default until the next January, they are liable for the debts contracted during their administration up to that time, and for no other unless they then and there make default, in which latter case they become liable for all the debts then existing.

4. Thus, the members of successive boards of trustees may become liable for the same debts by reason of successive defaults.

In this case there being sufficient evidence, beyond the judgment recovered against the corporation, to sustain the finding of the jury :

*Held,* that it was unnecessary to express an opinion as to whether the judgment was or was not evidence against the defendant, and the latter having based its objection to its admissibility solely on the ground of its immateriality, the exception to its reception could not be sustained.

The recovery of a judgment by plaintiff against a *stockholder* of the same company cannot in any way affect his action here against a trustee for not filing a report. The liability of the stockholder depends upon an entirely distinct state of facts, and upon a different statutory provision by which an additional right of action is given.

The statute gives not only a right of action against trustees for certain reasons, and another against stockholders for other reasons; but expressly provides, in addition, that in the first case the said trustees, and in the second case the said stockholders, shall be *jointly and severally liable.*

*General Term, May,* 1871.

*Before* BARBOUR, *Ch. J.,* FREEDMAN *and* SPENCER, *JJ.*

THIS action was brought by the plaintiff, a judgment creditor of New York and Galena Lead Mining Company, a

corporation organized under the act of 1848, to charge the defendant as a trustee of said company with the payment of the debts upon the ground, that no annual report had been filed as required by law.

The claim of the plaintiff was for services rendered to the company, between the first of March, 1865, and the first of July, 1867, and the judgment recovered by him amounted to $4,427 80

The defendant, by his answer, substantially denied all the allegations of the complaint, but admitted that he was elected trustee of said company, in the early part of July, 1866. He also averred payment and the recovery of a judgment by plaintiff against Bamford, a stockholder, for $1,026 02 upon the same demand.

Upon the trial, plaintiff proved, among other things, his employment by the company through one Lestrade, the superintendent of the company, the services rendered by him, the terms on which he was employed, his account as certified by the superintendent of the company, the recovery on the 18th of May, 1868, of judgment upon the merits after trial against the company, the judgment roll, and execution and return *nulla bona*; also, the election of the defendant as trustee on the 26th of July, 1866, and his acceptance of the trust at the time.

Also, that between the 11th of February, 1865, and the 30th of January, 1869, no annual report had been filed as required by law, except one on 19th of January, 1866, which was signed by three trustees other than the defendant and verified by the secretary, and another on the 14th of January, 1867, which was signed and verified by secretary alone.

After plaintiff had rested, the defendant moved for a dismissal of the complaint on the grounds:

1. That the plaintiff had shown no authority on the part of Mr. Lestrade to appoint him on behalf of the company.

2. That the defendant was not liable, a report having been

filed with the county clerk and published during the time he was trustee showing the condition of the company.

3. That reports having been filed within twenty days after the 1st days of January, 1866 and 1867, though informal were a sufficient compliance with the law, the statute being directory merely.

4. A trustee who has neglected to report, is personally liable only for those debts which were contracted while he was in office, and not for those contracted before a default had been made.

Motion denied. Exeeption.

The defendant attempted to prove, that the services were not rendered to the company but to Lestrade individually, and further showed, that the plaintiff had already recovered a judgment for the same demand against Bamford as a stockholder to the amount of $1,026 02.

At the close of the evidence on both sides, the defendant renewed his motion for a dismissal of the complaint, for the reason assigned on the motion for a nonsuit, and also on the following additional grounds :

1. That the organization of the company was a mere formal matter, that it never had any property or business, and, therefore, there was never any necessity for filing and publshing the annual statement required by law.

2. That the plaintiff having already recovered a judgment against Bamford, a stockholder, his claim against the defendant is merged in that judgment.

Motion denied. Defendant excepted.

The defendant thereupon requested the court to direct the jury, "that the plaintiff is not entitled to recover for his services for which he recovered judgment in the suit against Bamford."

The court declined and defendant excepted.

The defendant finally requested the court to charge, "that if the plaintiff could recover at all from defendant, he could only recover for that portion of his services which were

rendered during the time the defendant was a trustee of the company which was about seven months."

The court refused so to charge and defendant excepted.

The court held the reports filed to be insufficient, and submitted to the jury the question, whether the services were performed by the plaintiff, and if so, whether they were performed for the company or for Mr. Lestrade individually, charging them if the work was done for the company, to return a verdict for the plaintiff for whatever sum in their judgment his services were worth; but if the work was done for Lestrade, to return a verdict for the defendant.

At the conclusion of the charge, plaintiff's counsel suggested, that, if the plaintiff is entitled to anything he is entitled to the amount of his certified bill.

The court; I think, he is.

Mr. Waite, one of the counsel for defendant excepted to this remark.

Mr. Cook, associate counsel for defendant, excepted to that part of the charge, in which the court had said, that if the jury found, that the work was done for the company, they must find a verdict against the defendant for the value of the labor.

The jury retired, and afterwards returned a verdict for the plaintiff for $4,586 75.

Defendants' counsel thereupon moved for a new trial on the judge's minutes, which motion was denied.

After entry of judgment, defendant appealed from the judgment, and also from the order denying defendant's motion for a new trial.

ROBERT N. WAITE, *for appellant.*

FREDERIC R. COUDERT, *for respondent.*

*By the court,* FREEDMAN, J.—The statute under which this action is brought, requires every company organized under its provisions to make, publish and file annually within

twenty days from the 1st of January, a report of its con-
dition, which report shall be signed by the president and a
majority of the trustees, and shall be verified by the oath of
the president or secretary of said company. And it is fur-
ther provided, that if any of said companies shall fail so to
do, all the trustees of the company shall be jointly and
severally liable for all the debts of the company then existing,
and for all that shall be contracted before such report shall be
made (*Act of* 1848, § 12; 2 *Rev. Stat. 5th ed, p.* 661, §
35).

These provisions are enacted on grounds of public
policy for the protection of creditors and the prevention of
frauds upon the public in respect to the financial condition
of such corporations. It is clear that the liability of the
trustees is not imposed as an indemnity, because it has no
relation to the actual loss or injury sustained by the party,
in whose favor the action is given (*Merchant's Bank* agt.
*Bliss,* 35 *N. Y.,* 416, *aff'g. s. c.;* 21 *How.,* 365, *and* 13 *Abb.,*
225).

It is in the nature of a penalty for misconduct in office
(*Dabney* agt. *Stevens,* 40 *How.,* 245).

To escape this liability, the trustees must comply with
the conditions prescribed. The statute requires a report
within the first twenty days of the month of January in each
year, after the formation of the company, and without
reference to the time the company has come into existence.
Being a penal statute, however, it is to be strictly construed,
whenever the penalty is sought to be enforced, and to pre-
vent the injustice which a strict literal interpretation would
have worked in many instances; the courts have invariably
so construed it as to hold trustees only liable for their own
default and misconduct, and not for the default or misconduct
of their predecessors or successors in office.

The following four propositions, it seems to me, may now
be regarded as the laws of this state.

I. Upon the default of the company to report, all the

trustees then in office are jointly and severally ·liable for all the debts of the company then existing, whether contracted by them or their predecessors, and for all that may be subsequently contracted during their continuance in office until such report is made.

II. Trustees who upon such default retire from office, are liable for all the debts of the company then existing, but for no subsequent ones.

III. Their successors, by promptly obeying the requirements of the statute, may escape all liability; but if they continue the default until the next January, they are liable for the debts contracted during their administration up to that time, and for no other, unless they then and there make default, in which latter case they become liable for all the debts then existing.

IV. .Thus the members of successive boards of trustees may become liable for the same debts, by reason of successive defaults (*Boughton* agt. *Otis*, 21 *N. Y.*, 261; *Shaler and Hall Quarry Company*, agt. *Bliss, et al*, 27 *N. Y.*, 297, *aff. g.* 34 *Barb.*, 309, *and* 12 *Abb.*, 470; *Garrison* agt. *Howe*, 17 *N. Y.*, 458; *Miller* agt. *White*, 57 *Barb.*, 504; *Nimmons* agt. *Hennion*, *Transcript of May* 27, 1871).

This court has further held that a default of a company happening after the expiration of the term of office of a trustee cannot, for want of a subsequent election to fill his place, be charged upon such trustee, except by proof of his continuance in office, by his afterwards assuming to act, and acting as such trustee (*Denning* agt. *Puleston, decided April* 1, 1871).

Whether a judgment recovered against a company is evidence of the indebtedness of said company in a subsequent action brought against a trustee, is a question which has produced much conflict of authority. In *McHarg* agt. *Eastman*, (35 *How.*, 206), this court held, that it is not. The supreme court, on the other hand, decided in 1870, in *Miller* agt. *White* (57 *Barb.*, 504), that it is, holding, after a review of

many conflicting decisions upon this point, that the rule that
judgment is evidence, is supported by such a preponderance
of authority, that it should be left to the court of last resort
to change it, if a change be desirable.    Certain it is, that to
charge a trustee, the statute does not require as a preliminary
step the recovery of a judgment against the corporation,
which is necessary to fix the liability of stock-holders in cer-
tain cases, nor does it forbid such · judgment.    The liability
imposed upon a trustee is for certain debts, which must
either be due and capable of enforcement against the corpor-
ation at the time of the alleged misconduct, or default of
such trustee, or have been contracted while he continued or
acted as such after default.   In the case at bar, the judgment
against the corporation was admitted in evidence against
defendant's objections upon the ground of immateriality, but
at the same time, the debt was proven by other evidence.
In looking over the said evidence, I am satisfied that the
plaintiff sufficiently proved, to be entitled to go to the jury,
at least not only the rendition of the services at their price,
but also his employment by the superintendent of the com-
pany within the apparent scope of the latter's authority, and
a ratification of such employment, and acceptance of the
benefits accruing therefrom, by the company.   The question
whether the services were performed by the plaintiff, and if
so, whether they were performed for the company, or for
the superintendent individually, was distinctly submitted to
the jury, who were instructed to render a verdict for the de
fendant in case they should find that the work was done for
the superintendent individually.   It was not necessary to
prove a special authority on the part of the superintendent
to employ plaintiff.   The defendant might have requested
that the questions of implied authority and subsequent rati-
fication be submitted as distinct questions of fact to the jury
under proper instructions.   Having failed to do so, and
acquiesced in that part of the charge which necessarily in-
volved these questions, he cannot, upon appeal, be permitted

to argue for the first time that they should have been so sub- mitted (*Schroff* agt. *Bauer, decided by this court, April* 1, 1871, *and authorities there cited*).

There being sufficient evidence beyond the judgment to sustain the finding of the jury, it is unnecessary to express an opinion as to whether the judgment was or was not evidence against the defendant, and the latter having based its objection to its admission solely upon the ground of its immateriality, the exception taken to its reception cannot be sustained.

Neither of the reports filed in the office of the county clerk, conformed to the statutory requirements. The statute demands, that the report shall be signed by the president and a majority of trustees, and verified by the president or secretary which was never done. The report made in January, 1866, which was signed by three of the trustees, and verified by the secretary, may at least be regarded as an attempt, at substantial compliance. But, even if the statute can be satisfied with anything short of full performance, it seems too clear for argument, at least to me, that the report filed in 1867, which was signed and verified by the secretary exclusively, can have no force whatever to protect any of the trustees, whose duty it was to see it made, published and filed in the manner prescribed by statute. The argument advanced, that the defendant should not be made liable for a default that he could not control, can have no weight in the face of the positive language of the statute. At any rate, whatever force there might have been in the suggestion, if defendant had in point of fact, made a report so far as in his power, is wholly lost by reason of the fact, that defendant took no step whatever towards procuring a report. According to the proof, he was elected trustee on the 25th of July, 1866, for the year then ensuing, and commenced to act as such the next day. Whether or not he became liable simply by acting as such after and during the continuance of the default of the company in that year, for any of the services

rendered by plaintiff during any part of that year, it is hardly necessary to discuss. The company failing to make and file a report as required by law, in 1867, the defendant became liable by reason of such default for plaintiff's claim, up to December 31st, 1866, and as no report was subsequently made, he continued liable for plaintiff's subsequent services as long as he continued trustee. Plaintiff's claim extends to the 1st day of July, 1867, on which day he left the company's employ. That being within the year for which defendant was elected, he became liable for the whole debt due to plaintiff by the company at that time, and the plaintiff, therefore, if entitled to recover anything, was entitled, as the evidence stood, to recover the balance of his bill certified as correct by the superintendent of the company. The testimony of the plaintiff being uncontradicted upon this point, the result will be the same whether the action be considered as brought to recover the value of the services or the contract price per month, as testified to by him to have been agreed upon.

The recovery of a judgment of $1,026 02 by plaintiff against Bamford, cannot in any way, affect this case. The liability of Bamford depends upon an entirely distinct state of facts, and upon a different statutory provision by which an additional right of action is given. He was sued as a stockholder under that section of the statute which makes the stockholders of a company jointly and severally individually liable for debts due and owing to their laborers, servants and apprentices for services performed for such corporation. As such stockholder, Bamford is liable only to a limited extent, but that limit does not apply to trustees. The mere recovery of said judgment, without payment, is, therefore, no more a bar or merger than the recovery of the judgment against the corporation. In the case of joint wrong-doers a plea of a former recovery against one, to be good, must also, aver actual satisfaction. And in the case of joint debtors the rule that a judgment obtained against one, bars a suit against all

Vincent agt. Sands.

others, applies only where the judgment is based upon the same matter, cause and thing for which the second suit is brought (*Phil. on Ev. 5th ed., vol.* 2 *p.* 114, *134; *Wies* agt. *Fanning,* 9 *How.,* 546).

The statute referred to gives not only a right of action against trustees for certain reasons, and another against stockholders for other reasons, but expressly provides, in addition, that in the first case, the said trustees, and in the second case, the said stockholder shall be jointly and severally liable.

The judgment and order appealed from, should be severally affirmed with costs.