By the Court. — Freedman, J.
— The statute under which this action is brought requires every company organized under its provisions to make, publish, and file annually, within twenty days from the first of January, a report of its condition, which report shall be signed by the president and a majority of the trustees, and shall be verified by the oath of the president or secretary of said company. And it is further provided that if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made (Act of 1848, §12 ; 2 Rev. Stat. 5 ed. 661, § 35).
These provisions are enacted on grounds of public policy for the protection of creditors and the prevention of frauds upon the public in respect to the financial condition of such corporations. It is clear that the liability of the trustees is not imposed as an indemnity, because it has no relation to the actual loss or injury sustained by the party in whose favor the action is given (Merchants’ Bank v. Bliss, 35 N. Y. 416, affirming S. C., 21 How. 365, and 13 Abb. Pr. 225).
It is in the nature of a penalty for misconduct in office (Dabney v. Stevens, 40 How. 345).
To escape this liability the trustees must comply with the conditions prescribed. The statute requires á report within the first .twenty days of the month of January in each year after the formation of the company, and without reference to the time the company has come into existence. Being a penal statute, however, it is tobe strictly construed. Whenever the penalty is sought to be enforced, and to prevent the injustice which a strict literal interpretation would have worked *517 in many instances, the courts have invariably so construed it as to hold trustees only liable for their own default or misconduct, and not for the default or misconduct of their predecessors or successors in office. The following four propositions, it seems to me, may now be regarded as the law of this State:
1. Upon the default of the company to report, all the trustees then in office are jointly and severally liable for all the debts of the company then existing, whether contracted by them or their predecessors, and for all that may be subsequently contracted during their continuance in office until such report is made.
2. Trustees who, upon such default, retire from office, are liable for all debts of the company then existing, but for no subsequent ones.
3. Their successors, by promptly obeying the requirements of the statute, may escape all liability; but if they continue the default until the next January they are liable for the debts contracted during their administration up to that time, and for no other, unless they then and there make default, in which latter case they become liable for all debts then existing.
4. Thus, the members of successive boards of trustees may become liable for the same debts by reason of successive defaults (Boughton v. Otis, 21 N. Y. 261 ; Shaler and Hall Quarry Co. v. Bliss,, 27 N. Y. 297, affirming 34 Barb. 309, and 12 Abb. 470 ; Garrison v. Howe, 17 N. Y. 458 ; Miller v. White, 57 Barb. 504 ; Nimmons v. Hennion, Transcript of May 27, 1871).
This court has further held that a default of a company, happening after. the expiration of the term of office of a trustee, cannot, for want of a subsequent election to fill his place, be charged upon such trustee except by proof of his continuance in office by his afterwards assuming to act, and acting as such trustee (Deming v. Puleston, decided April 1, 1871).
*518 Whether a judgment recovered against a company is evidence of the indebtedness of said company in a subsequent action brought against a trustee, is a question which has produced much conflict of authority. In McHarg v. Eastman, 35 How. 205, this court held that it is not. The supreme court, on the other hand, decided, in 1870, in Miller v. White, 57 Barb. 504, that it is; holding, aftér a review of many conflicting decisions upon this point, that the rule, that the judgment is evidence, is supported by such a preponderance of authority that it should be left to the court of last resort to change it, if a change be desirable. Certain it is, that to charge a trustee the statute does not require, as a preliminary step, the recovery of a j udgment against the corporation, which is necessary to fix the liability of stockholders, in certain cases, hi or does it forbid such judgment. The liability imposed upon a trustee is for certain debts, which must either be due and capable of enforcement against the corporation at the time of the alleged misconduct or default of said trustee, or have been contracted while he continued or acted as such, after default. In the case at bar the j udgment. against the corporation was admitted in evidence, against defendant’s objection upon the ground of immateriality, but at the same time the debt was proven by other evidence. In looking over the said evidence I am satisfied that the plaintiff sufficiently proved, to be entitled to go to the jury at least, not only the rendition of the services and their price, but also his employment by the superintendent of the company within the apparent scope of the latter’s authority, and a ratification of such employment and acceptance of the benefits accruing therefrom by the company. The question whether the services were performed by the plaintiff, and if so, whether they were performed for the company or for the superintendent individually was distinctly submitted to the jury, who were in *519 structed to render a verdict for the defendant, in case they should find .that the work was done for the superintendent individually. It was not necessary to prove a special authority on the part of the superintendent to employ plaintiff. The defendant might have requested that the questions of implied authority and subsequent ratification be submitted, as distinct questions of fact, to the j ury under proper instructions. Having failed to do so, and acquiesced in that part of the charge which necessarily involved these questions, he cannot, upon appeal, be permitted to argue for the first time that they should have been so submitted (Schroff v. Bauer, decided by this court April 1, 1871, and authorities there cited). There being sufficient evidence, beyond the judgment, to sustain the finding of the jury, it is unnecessary to express an opinion as to whether the judgment was or was not evidence against the defendant, and the latter having based his objection to its admission solely upon the ground of its immateriality, the exception taken to its reception cannot be sustained.
Heither of the reports filed in the office of the county clerk conformed to the statutory requirements. The statute demands that the report shall be signed by the president and a majority of the trustees, and verified by the president on secretary, which was never done. The report made in January, 1866, which was signed by three of the trustees and verified by the secretary, may at least be regarded as an attempt at substantial compliance. But even if the statute can be satisfied with anything short of full performance, it seems too clear for argument, at least to me, that the report filed in 1867, which was signed and verified by the secretary exclusively, can have no force whatever to protect any of the trustees, whose duty it was to see it made, published and filed in the manner prescribed by the statute. The argument advanced, that the de *520 fendant should not be made liable for a fault that he could not control, can have no weight in the face of the positive language of the statute. At any rate, whatever force there might have been .in the suggestion, if defendant had in point of fact made a report, so far as in his power, is wholly lost by reason of the fact that defendant took no step whatever towards procuring a report. According to the proof, he was elected trustee on the 35th July, 1866, for the year then ensuing, and commenced to act as such next day. Whether or not' he became liable, simply by acting as such after and during the continuance of the default of the company in that year, for any of the services rendered by plaintiff during any part of that year, it is hardly necessary to discuss. The company failing to make and file a report, as required bylaw, in 1867, the defendant be-, came liable, by reason of such default, for plaintiff’s' claim up to December 31,-1866, and, as no report was subsequently made, he continued liable for plaintiff’s subsequent services, so long as he continued a trustee. Plaintiff’s claim extends to the first day of July, 1867, on which day he left the company’s employ. That being within the year for which defendant was' elected, he became liable for the whole debt due to the plaintiff by the company at that time, and the plaintiff, therefore, if entitled to recover anything, was entitled, as the evidence stood, to recover the balance of his bill, certified as correct by the superintendent of the company. The testimony of the plaintiff being uncontradicted on this point, the result will be the same, whether the action be considered as brought to recover the value of the services or the contract price per month as testified by him to have been agreed upon.
The recovery of a judgment of one thousand and twenty-six dollars and two cents by plaintiff against Bamford, cannot in any way affect this casé. The liability of Bamford depends upon an entirely distinct *521 state of facts and upon a different statutory provision, by which an additional right of action is given. He was sued as a stockholder under that section of the statute which makes the stockholders of a company jointly and severally individually liable for debts due and owing to their laborers, servants and apprentices, for services performed for such corporation. As such stockholder Bamford is liable only to a limited extent, but that limit does not apply to trustees. The mere recovery of said judgment, without payment, is, therefore, no more a bar or merger than the recovery of the judgment against the corporation. In the case of joint wrongdoers a plea of a former recovery against one, to be good, must also aver actual satisfaction. And in the case of joint debtors the rule that a judgment obtained against one bars a suit against all others, applies only where the judgment is based upon the same matter, cause and thing, for which the second suit is brought (2 Phil. on Ev. 5 Ed. 114 [*134] ; Wies v. Fanning, 9 How. 546).
The 'statute referred to gives not only a right of action against trustees for certain reasons, and another against stockholders for other reasons, but expressly provides, in addition, that in the first case the said trustees, and in the second case the said stockholders shall be jointly and severally liable.
The judgment and order appealed from should be severally affirmed, with costs.
Barboub, Ch. J., and Spences, J., concurred.