By the Court, Robertson, J.
Either this action is founded upon a statute, and brought for a penalty or forfeiture by the aggrieved party, within the meaning of the second subdivision of section 92 of the Code, or the subject of it is a liability created' by statute other than a penalty or forfeiture, or a contract obligation or liability expressed or implied, under section 91 of the Code. ' If it be the first, it could only have been brought within three years after the cause of action accrued.
If the liability of the defendants were of common law origin, and only aided or modified, not created by statute, it would come within subdivision 1 of section 91 ; for the liability of stockholders of manufacturing corporations, which was of com *401 mon law origin, was held to he governed by a corresponding provision in the Revised Statutes. (Corning v. McCullough, 1 Comst. 62.)
The liability of the defendants might also, if created by statute, be included in subdivision 2 of section 91 of the Code, unless it were a penalty or forfeiture ; for that section might be construed to embrace some intermediate kinds of liability between that at common law (modified or aided by statute,) and a penalty or forfeiture, upon the principle that it was intended to include classes of liabilities not embraced either in subdivision 1 of section 81, or subdivision 2 of section 92 ; but the object of subdivision 2 of section 91 was to legalize a distinction, supposed to be sustained by authority, between a liability in the nature of a contract created by statute, and a penalty or forfeiture; at least so the framers of the Code have informed us in a note to such subdivision in their first report (p. 99,) and they refer to the decisions of Freeland v. McCullough, (1 Denio, 414,) and Van Hook v. Whitlock, (3 Paige, 409,) as containing an exposition of such distinction; it would seem, however, also, that they had heard of the decision in Corning v. McCullough, in the Court of' Appeals, which overruled the cases to which they referred, and without waiting to ascertain the extent of that decision, they propose to regulate anew by statute the time for bringing suits upon liabilities, such as that of the stockholders of companies : although the commissioners refer to the views of Judge Nelson, in the case of Van Hook v. Whitlock, I apprehend they did not intend, nor are they to be understood as intending, to incorporate in a statute all the illustrating cases suggested by that eminent jurist; the utmost they strove to attain was to separate actions for a penalty for a prejudicial act, from those for compensation for a breach of contract. Subdivision 1 of section 91 is amply sufficient to include the latter, and, therefore, for such purpose, the new provision was superfluous, although such cases as the liability of an heir for the simple contract debts of his ancestor and the like, which are founded *402 on contract, although not that of' the party liable, might be included in subdivision 2.
The language, however, of the provision last referred to, (subdivision 2, section 91,) might be considered broad enough to include the liability of the defendants in this case, were it not for the words “ other than a penalty or forfeiture.” By subdivision 2, section 92, the time is prescribed for bringing actions upon a penalty or forfeiture by the aggrieved party ; and the two were evidently intended to comprehend all cases of liability • created by statute; indeed, section 109 of the Code recognizes this, by restricting the actions against directors and stockholders of certain corporations, the time for bringing which is thereby limited, to those for penalties and forfeitures, or for liabilities created by statute ; subdivision 2, section 91, should be read, therefore,.as though the words “by the party aggrieved ” were added at the end, If, therefore, the liability of the defendants be such as is included in subdivision 2, section 92, it would not be in subdivision 2, section 91 ; and it must, therefore, be first determined what the former embraces.
The provision of the Revised Statutes for which subdivision 2, section 92, of the Code, is a substitute, (2 R. S. 29, § 31,) was in substance the same; the only change of language is merely substituting “ penalty for “ cause,” and “ action is given ” for “ benefit and suit is limited,” and striking out the time of “ committing the offense” as the beginning of the period within which the action is to be brought: these changes do not disturb the purport and object of the statute; the wor<j.“ cause” under the previous provision was held to embrace liabilities which, although not technically penalties, were yet substantially penal, and operated to affect the party exposed to them in the same or a similar manner, (Corning v. MaCullough, 1 Comst. 64, opinion of Jones, J.;) and there is no evidence, unless it be afforded by the introduction of subdivision 2, section 92, of any intention to change such enactment; and that introduction is for an entirely different class of cases from penal remedies. Under both the former and present statutory provision, the action is required to be both remedial and penal, for it is to *403 "be brought only by the party aggrieved, in which case the legislature could not take away the right of action, as it could for penalties for offenses in which the public might be interested, for bringing which a shorter period of limitation is provided. (Code, § 93, subd. 2.) The omission of the words “ offense committed ” from the present provision, is not less significant; for, as the action is to be by a party aggrieved, and the sum to be recovered is intended as indemnity for his private loss by the act complained of, the term “ offense ” is not appropriate to it, although it might be in actions for penalties given to the state or any one who would sue for it. Upon the whole, therefore, the provision in its, new form is not to be considered as manifesting any intent to change the substance of the statute in a mere revision of it, such as this part of the Code is. (In re Brown, 21 Wend. 316. Theriat v. Hart, 2 Hill, 380.) The present, therefore, must be held to embrace the same kind of penal actions as the former enactment.
Without refenence, however, to the prior existence of the same enactment in a different form, the present, statute extends to all actions for a penalty or forfeiture by an aggrieved party; and the only question under it is, what is a penalty or forfeiture for which an aggrieved party can sue ? Of course the expression is elliptical, for the act or mode is not stated by which the party is to be aggrieved. With the ellipsis supplied, it would read, “penalty or forfeiture for an act, other ' than the non-fulfillment of a contract, by which any person may be aggrieved ■” for in Corning v. McCullough, (1 Comst. 69,) the term “party aggrievedis held to he inappropriate to those who sue on contracts or liabilities for debts or damages ;, penalty or forfeiture does not necessarily imply a fixed sum, but any thing imposed as a punishment, whether specific or measured by the value of the interest affected by the act complained of; Penalty is defined in Burrill’s Dictionary as “ a pecuniary punishment or sum of money imposed by stat- , ute to be paid as _ a punishment for the commission of a certain offense; and a similar definition of it is given in Bouvier : Forfeiture is defined by Blackstone (2 Comm. 420) to be a loss *404 of goods as a compensation for an offense and injury to -the person to whom they are forfeited, as well as a punishment for a misdemeanor ; and penalties whose benefit is given to a party aggrieved, include equally with forfeitures the idea of both such compensation and punishment. The fact of such gift ,to the injured party does not make a penalty less one; nor would its extension to the whole value of the interest affected, instead of being limited to a fixed sum. On the other hand, it would cease to be a penalty if it were limited to the actual loss of the party. In fact, they are only created in cases where the proof of such loss is difficult, if not impossible, and where, by the probable excess of the penalty beyond the loss to the party injured, or gain to the offender, the latter may be deterred from the offense. It is merely because such penalties may. surpass indemnity for loss,- and are not measured by it, that they are so termed, because, as was laid down by this court in Fry v. Bennett, (1 Alb. Pr. 308,) every excess merely of even vindictive damages beyond indemnity is a penalty.
The liability of the defendants does not arise from any act connected with the creation of the debt to the plaintiff. That debt is the interest affected by the failure to file a proper report, or payment of improper dividends, complained of. The grievance of the plaintiff consists of the effect upon his efforts in the collection of such debt, and not of any fraud or other influence, in contracting it. The extent of that grievance could not easily be proved. It may not have equalled the whole amount of the debt, for the company may have been innocently insolvent before the time of filing the report required, or the dividends not sufficient to have paid the debts. The infliction upon the trustees of the payment of the whole debt is therefore a penalty, for which an action is given to an aggrieved party.
Moreover, the application of the term “penalty or forfeiture ” to such liability as that of the defendants has been fully recognized by the legislature. Actions for penalties and forfeitures against the directors and stockholders of moneyed corporations and banking associations are provided for in sec *405 tion 109 of the Code ; but it will be found, on an examination of the statutes in relation to such corporations and associations, that there is no instance of the infliction of a penalty of a fixed sum upon either directors or stockholders, eo nomine; all those which are imposed are to indemnify an injured party either fully or to the extent of the stock owned by the stockholders. (2 R. S. 5th ed. 591, § 10. Id. 592, §§ 15, 16, 17. Id. 602, § 3.) It is therefore plain that such liabilities as that of the defendants was intended to be embraced by section 92.
Besides these considerations, the period of limitations is made to run from the time the cause of action accrued, not from the time the debt was incurred; the defendants are made liable as trustees long after their liability as stockholders has ceased, and for the full amount of the debts, not merely to the extent of their stock or the injury to the creditor; and they have no right of contribution from the other stockholders. It is difficult to imagine a liability more wanting in all the features of a contract, or more fully possessing those of a penalty.
The demurrer, therefore, to the ninth paragraph of the answer must be overruled.
The tenth paragraph of the answer sets up as a defense, laches on the part of the plaintiffs in suing the company, and notifying the defendants, so as to enable them to proceed against the other stockholders, who are alleged to be solvent. This defense proceeds upon the principle that the other stockholders are involved in the liability of the defendants as trustees, either as joint contractors or sureties. If that were so, it would take away the character of the defendant’s liability as a penalty, which has been already disposed of. The demurrer to this part of the answer is well taken, and should be sustained.
The judgment in this case must therefore be,, that the order made at special term be reversed, as to the demurrer to the defense, contained in the ninth paragraph of the answer, and affirmed as to that to the defense in the tenth, without costs *406 on the appeal; with liberty to both parties to withdraw or amend their defective pleadings in twenty days, on payment of costs.
Bosworth, Ch. J.
The demurer to the defense set up under the ninth head of the answer, presents the question whether the liability imposed by the twelfth and thirteenth sections of the Manufacturing Companies’ Act, upon the trustees of a company, is a penalty or forfeiture within the meaning of subdivision 2, section 92, of the Code ?
The trustees of a company, incorporated, under that act, are not, as trustees, liable for any debt of the company. Heither are its stockholders liable for any of its debts—except those owing to “their laborers, servants and apprentices, for services performed for such corporation,” (§ 18 ;) after the whole amount of capital fixed by such company has been paid in, and a certificate thereof made and recorded in compliance with section 10 of that act.
But although the trustees being stockholders, and liable under section 10, may have been charged as stockholders, and satisfied the whole liability imposed by that section, yet if the company subsequently omits to perform the duty enjoined by section 12, the trustees will become liable for all the debts of the company.
This liability is imposed upon them as a punishment, and if the duty enjoined by section 12 is not performed, they severally and jointly forfeit a sum to be measured- by the amount of the company’s then existing debts, and such as it may contract before that duty shall be performed.
To determine whether a liability to which a person is subjected is by way of penalty or forfeiture, it is not necessary that the statute, in the language imposing it, should denominate it a penalty or forfeiture ; when the statute subjects an officer of a company, as such officer, to a liability to pay money, either for omitting to perform_ a duty enjoined or' for doing an act prohibited, and does this in a case where, but for such omission of duty of wrongful'act, he would be under rno *407 liability,- he is thereby subjected to a forfeiture of the sum which he is made liable to pay, and, so far as he is concerned, the imposition of liability is by way of punishment. Subjecting the trustee to such liability is none the less a punishment as to him, although the creditors may recover more than a full indemnity against the consequences of this misconduct by obtaining satisfaction of their debts.
Each creditor of the company is, under this act, the aggrieved party to whom the action is given, within the meaning of subdivision 2, section 92, of the Code.
Section 12 of the act makes it the duty of the company to file the report therein mentioned; and for the failure of the company to perform the duty, punishes its trustees, by whom alone that duty can be performed. It treats the creditors of the company as the parties aggrieved by this neglect of duty, and for this neglect of duty gives to each an action against the trustees jointly and severally for the whole amount of his debt against the company.
The trustees, on being compelled as such to pay to the extent of the liabilities thus imposed upon' them, have no claim against the company for reimbursement.
In nó case are the consequences prescribed by statute, for an omission or violation of duty, more emphatically penal than in the present.
So, too, the liability imposed by section 13 treats the creditors of the company as the parties aggrieved by the misconduct which that section prohibits, and gives them an action to enforce against the trustees the liability imposed upon them by that section for doing the act which it forbids.
The act prohibited by that section is treated as one by which each stockholder receives his true aliquot share of the sum divided, and the creditors, not the company, are regarded as the aggrieved parties.
In this view, the demurrer to the defense now under consideration is not well taken, and should have been overruled; and as to that, the order appealed from should be reversed, with liberty to the plaintiffs to withdraw their demurrer and *408 reply to this part of the answer, on payment of the costs of the. demurrer.
. The demurrer to the defense, pleaded under head, tenth of the' answer, is well taken ; and as to that, the order appealed from should be affirmed. :
Judginent reversed in respect to the demurrers to the ninth paragraph of the answer, and- affirmed as to the residue.