By the Court.*—Monell, J.
Actions to recover penalties, or forfeitures, created by statutes of other States, being local, are not cognizable by the courts of this State. This is understood to be well settled (Scovill v. Canfield, 14 Johns., 338; United States v. Lathrop, II Id., 4; Story on Confl. of Laws, §§ 620, 621), and was conceded by counsel on the argument,
It is claimed, however, that this is not such an action; but that it is an action to recover upon a contract made by the company, which, by force of the statute, the defendant has become individually liable to pay.
There is nothing in the act of incorporation of this company which renders the directors or stockholders liable in the first *65 instance for the debts of the company, as there is in the general banking and other laws of this State. There is no personal liability, if the company fails to pay, and hence there is no right of action against the stockholders for any debt contracted by the company, nor against the officers, so long as they discharge the duty imposed upon them by law. It is only upon their neglect or refusal to perform such duty, that they render themselves liable.
The personal liability of stockholders, when they are made liable by the charter or act of incorporation, is from the inception of the debt. They become originally liable; and the happening of no event, is necessary to charge them. The company is invested with a qualified corporate capacity, but no immunity or exemption from personal liability for the debts of the company is conferred upon the stockholders. In those cases, in judgment of law, the debt is contracted upon the terms and security authorized by the statute, and the creditor, having exhausted his efforts to collect from the company, may resort,by a common law action, directly to the stockholder, not to recover a penalty or forfeiture, nor upon a cause of action in the nature of a forfeiture, but to recover a simple contract debt, for which he was liable at the time the debt was contracted. The action in that case is not upon the statute, and a .mere reference to it is all that is necessary to show the connection of the stockholder therewith, and the liability it creates.
But where there is no qualification to the corporate capacity of the company, and where the stockholders are not answerable to the creditors of the company as original and principal debtors, but they, or the officer, became liable by reason of some act, the performance of which is imposed on them by the statute, then the action must be upon the statute, to recover a debt in the nature of a forfeiture, for a failure to perform a duty. In the one case the absence of any immunity from personal liability renders the shareholder liable when the debt is contracted ; in the other the director’s liability is created by his own act or omission to act.
It seems to me very clear, therefore, that the personal liability imposed upon the officers of a corporation, who shall have neglected or refused the performance of a duty, with which *66 they are charged by the statute, is in the natwre of a penalty, and was designed as a punishment for such neglect. Such is the plain import of the language of the statute. The directors shall file a certificate, and if they refuse or neglect, they shall forfeit to the creditors the amount of their respective debts. The object of requiring a certificate to be filed, was to enable all who thereafter dealt with the company, to ascertain its pecuniary condition; hence, the penalty goes to such creditors as may have been deprived of this source of information.
A charter, or an act of incorporation, is doubtless a contract: nevertheless, penalties and forfeitures may proceed from it; and where the charter is conferred by public law, and the penalty is created by public law, it becomes, to all intents, a penal statute, and if the general manufacturing law of Massachusetts had ordained, that if the directors neglected to file a certificate they should forfeit ten thousand dollars to the use oí the creditors, the statute would not have been any more penal than in the form it now has. In either case, it must be a penalty or forfeiture, and must be sued for and recovered as such.
The case of Corning v. McCullough (1 N. Y. [1 Comst.], 47) involved the consideration of this question, and received a very careful examination by the court. The ninth section of the act incorporating the Rossie Galena Company provides that the stockholders of the company should be jointly and severally personally liable, for the payment of all debts contracted by the company. The question was, whether the statute Emitation of three years in bringing an action upon a statute made for a forfeiture or penalty, given in whole or in part to any person who would prosecute for the same, applied to that case. The court, in a very elaborate opinion, delivered by the late Chief Justice Jones, held, that to come within the statute, the action must be on the statute for a forfeiture or cause, the benefit and suit whereof is limited wholly or in part to the party aggrieved, The learned judge says, “I think the intention of the legislature to have been, to apply them to forfeitures, and penalties, and causes of action of the like character, partaking of the character of penal actions.”
The distinction between the original liability of stockholders, and such as attaches to officers for neglect of duty, is clearly drawn, and constantly kept in view in the case referred to; and *67 it is held that in the former case, the stockholders being original debtors, are liable as co-partners, and are not exempted by the corporate capacity of the company; and in the latter, that their liability not being original they could only be charged by their own act. In the one case, the action was a common law action for the recovery of the debt; in the other, it was upon the statute, for the recovery of the penalty. The court say—“ The liability of this defendant to these plaintiffs is neither for a penalty inflicted 'upon Mm for any offence committed by Mm, nor for any forfeiture incurred by him, nor does it possess any element or feature of a penal character, assimilating it to either forfeiture or penalty.” Again, “ It is the policy of the statute to limit the commencement of actions _ for forfeitures and penalties to shorter periods of time than actions on contracts, and for vested rights, and legislatme enactments subjecting the aggressor to a specific measure of damages, or a specific compensation for the injuries he causes, may be in their nature penal.”
Ex parte Van Riper (20 Wend., 614) is fully sustained by Corning v. McCullough. There Yan Riper, a director of the bank, was personally liable. The fourteenth section of the charter provided that the president and director should jointly and severally be and continue liable, individually to every creditor, for the payment of the debts of the bank; and the court held, that the liability was original, and not incurred by any subsequent act. This case is referred to, and approved by Mr. Justice Bbonscb, in his concurring opinion in Corning v. McCullough./
In both these cases the line is distinctly drawn between the original personal liability of the stockholder or director, created by the charter or act of incorporation, and such liabilities as attach by some subsequent act of the officers.
In Garrison v. Howe (17 N. Y., 458) the defendant was sought to be charged as a trustee of a manufacturing company. The act of incorporation required the trustee to make and file an annual report, &c, and declared that for any neglect to do so the trustees should be individually liable for the debts of the company. The trustees neglected to file their report. The question of jurisdiction did not arise, but Denio, J., says, “ if the statute was simply a remedial_one, it might be said that *68 the plaintiff’s case was within the equity: for the general object of the law doubtless was, besides enforcing the duty of making reports for the benefit of all concerned, to enable parties proposing to deal with the corporation, to see' whether they could safely do so. Bui the provision is highly penal, and the rules of law do not permit us to extend it by construction to cases not fairly within the language.”
In a recent case in this court (Merchants’ Bank of Mew Haven v. Bliss, 13 Abb. Pr., 225), a question similar to that in Corning v. McCullough (supra) arose. The defendant was sued as a trustee of a manufacturing company organized under the general law of this State, which contains, substantially, the same provision respecting the duty of the trustees to make and file a report, and their personal liability for not doing so, as are contained in the Massachusetts law, and he was sought to he made liable, by reason of the trustees having failed to make their report. The inquiry was, whether the statute limitations of three years for actions upon a statute for a penalty or forfeiture, applied, and it was held that it did. The court, in elaborate opinions delivered by two justices, -decided that the action' was necessarily upon the statute to recover a penalty, or forfeiture.
This question has also been very carefully examined, and fully considered by the supreme court of Mew Jersey (Derrickson v. Smith, 3 Dutch. (N. J), 166). It arose under our general manacturing law ; and the defendant was sought to be held liable in that State, the corporation being located, and the neglect of the officers having occurred in this State. The court held the action, was for a penalty, and could not be maintained in'that State. The case is well supported on principle, as well as by the authority of the cases I have above referred to.
The examination I have been able to give this subject has strengthened and confirmed the views I entertained at the trial, and I see no reason now to change them.
The exceptions should be overruled, and judgment directed for the defendant.

 Present, Boswobth, Ch. J., and White and Mohell, JJ.