CHARLES MOIES *v.* WILLIAM SPRAGUE, Administrator.

An action at law cannot be maintained against an administrator upon a liability incurred by his intestate under chapter 128, sections 2, 3, and 13, of the Revised Statutes. (Of Manufacturing Corporations.)

A liability incurred by an officer of a manufacturing corporation under sections 2, 3, and 13, of chapter 128 of the Revised Statutes, is a tort, and does not survive. Hence an action at law cannot be maintained against the executors or administrators of such an officer, upon such a liability incurred by their testate or intestate.

A liability incurred by a stockholder of a manufacturing corporation, either under section 1, or under sections 11 and 12 of chapter 128 of the Revised Statutes, which has been made the basis of a claim against his estate, represented insolvent, and disallowed by the commissioners appointed thereon, cannot be prosecuted at law by an action on the case, because the statute creating the liabilility provides certain remedies, (chapter 128, sections 19 and 20,) neither of which is by an action on the case against the stockholder personally. Where a statute creates a right or liablility and prescribes the remedy, the remedy prescribed is the only remedy.

A claim which cannot be prosecuted at common law cannot be proved under chapter 158 of the Revised Statutes before commissioners on a deceased person's estate represented insolvent.

A claim which is not provable before commissioners on an insolvent estate, cannot be ascertained in equity and added by decree to the report of the commissioners. A court of chancery cannot add to the claims allowed by such commissioners any claims which are not provable before them.

Section 23 of chapter 128 of the Revised Statutes, which provides that the estates and funds of a deceased stockholder of a manufacturing corporation in the hands of executors, administrators, guardians, and trustees "shall be liable in their Lands, in like manner and to the same extent as the deceased testator or intestate, or the ward or person interested in such trust fund would have been, if they had respectively been living and competent to act, and had held the stock in their own names," gives no new remedy by reason of which the liability of a deceased stockholder under the provisions of said chapter 128, is entitled to be proved against his estate when it has been represented insolvent.

Moies *v.* Sprague, administrator.

But a claim against the insolvent estate of a deceased stockholder of a manufac-
turing corporation incurred under the provisions of section 1 of said chapter
128 of the Revised Statutes, is entitled to participate in the surplus, if any
remains, after the payment of allowed claims. The liability created by this
section is direct and primary, and even if it does not survive at law, may,
under section 20 of the same chapter, be enforced in equity, and devolves on
his executors or administrators under section 23 of chapter 128, and binds the
decedent's estate in their hands not required to meet the charges specially im-
posed upon it by chapter 158, " of insolvent estates of deceased persons."

Action brought under the provisions of chap. 158, section 8
of the Revised Statutes, to recover a dividend from the estate of
the defendant's intestate—upon liabilities incurred as the presi-
dent, and one of the directors, and a stockholder, of the Union
Horse Shoe Company, a manufacturing corporation, created by
an act of the General Assembly and organized thereunder in
1864, and included within and subject to the provisions of chap-
ter 128 of the Revised Statutes and the acts in addition thereto
and in amendment thereof.

The plaintiff's claim was upon four promissory notes of the
Union Horse Shoe Company, of five thousand dollars each, two
of which were dated May 18, 1866, and the others respectively,
July 2, 1866, and August 23, 1866. The estate of the defen-
dant's intestate was represented insolvent, and commissioners
were appointed to examine the claims of creditors against the
same. The plaintiff's claim was duly presented to the commis-
sioners, and was by them in their report rejected. The defen-
dant's intestate was the president, and one of the directors, and
a stockholder of the Union Horse Shoe Company, from its organ-
ization in 1864, to the time of his decease in July, 1866.

The declaration had counts,—

1. Upon a liability incurred by the defendant's intestate as a
stockholder in said Union Horse Shoe Company.

2. Upon a liability incurred as a director of said company.

3. Upon a liability incurred as the president of said company.

4. As a stockholder upon a judgment against said company
upon the notes aforesaid, which remains wholly unsatisfied.

A jury trial having be waived, the case was submitted to the
court both in fact and law.

*Eames, for the plaintiff:*—

I. The defendant's intestate, upon the facts set forth in the first count of the declaration, is individually liable as a stockholder in said company. Rev. Stat. chap. 128, §§ 11, 12 and 19 ; Statutes, chap. 266, § 1.

II. The defendant's intestate, upon the facts set forth in the second count, is individually liable as a director of said company. Rev. Stat. chap. 128, §§ 13 and 18.

III. The defendant's intestate, upon the facts set forth in the third count, is also individually liable as the president of said company. Rev. Stat. chap. 128, §§ 1, 2, 3, 18.

IV. The defendant's intestate is also liable individually upon the facts set forth in the fourth count.. The judgment was upon the same notes mentioned in the other counts. Vide Ref. under I ; also Rev. Stat. chap. 128, § 19.

*B. F. Thurston, for the defendant.*

DURFEE, J.* This action is brought against the defendant, as administrator of the estate of the late Byron Sprague, deceased, to charge the estate by reason of certain alleged statutory liabilities incurred by the decedent as a stockholder, a director, and the president, of the Union Horse Shoe Company, upon four promissory notes of the company, or upon said notes, alleging that they have been reduced to a judgment against the company.

The first and fourth counts of the declaration declare upon the liability of the decedent as a stockholder,—the first in respect of the four notes, and the fourth in respect of said notes, alleging they have been reduced to a judgment, with other allegations. There is an obstacle, which is, in our opinion, insuperable to the plaintiff's recovery upon those counts, for the reason that, where the liability is that of a stockholder, the nineteenth and twentieth sections of chapter 128 of the Revised Statutes provide certain remedies, neither of which is by an action on the case against him personally ; and the rule is, that where a statute creates a

---

* The opinion was delivered at the March term of the court, 1869, but it is so closely connected with the next following opinion, delivered in respect of a bill in equity between the same parties, that it has seemed best to print it here.

right or liability and prescribes a remedy, the remedy prescribed is the only remedy. 1 Chitty's Pl. 112. *Smith* v. *Drew*, 5 Mass. 514 ; *The Vestry of the Parish of St. Pancras* v. *Batterbury*, 2 Com. B. (N. S.) 477, and cases cited in note on page 487. This view— that the remedies given by the statute are the exclusive remedies—is in accordance with the opinion expressed in the case of *Knowlton* v. *Ackley*, 8 Cush. 93, by the Supreme Judicial Court of Massachusetts, in regard to the individual liability of a stockholder in a manufacturing corporation, under the statute of 'that state, (Rev. Sts. of Mass. c. 38, §§ 30, 31,) which, in respect to the remedies on such a liability, is the same as our own,—ours doubtless having been copied therefrom. And see *Erickson* v. *Nesmith*, 15 Gray, 221. But see *Ex parte Von Riper*, 20 Wend. 614.

Whether the liability of a stockholder, especially if he die before judgment recovered against the corporation, (*Handrahan* v. *Cheshire Iron Works*, 4 Allen, 396,) survives in any manner at law against his estate, we need not determine. See *Dane* v. *Dane Manufacturing Co*. 14 Gray, 488 ; *Child* v. *Coffin*, 17 Mass. 64 ; *Kelton* v. *Phillips*, 3 Met. 61 ; for, if it survive, we think it would not survive so as to give an action against his administrator which would not lie against himself. See *Cutter* v. *Middlesex Factory*, 14 Pick. 483 ; *Andrews* v. *Callender*, 13 Pick. 490 ; *Ripley* v. *Sampson*, 10 Pick. 571.

We may further remark, that one of the four notes mentioned in the declaration was not made until after the death of Byron Sprague. As to that note, we do not see how it can be claimed that he ever incurred any, even an incipient, liability, either as a stockholder or as an officer of the company.

The second count declares upon the four notes, as a claim against the estate by reason of a liability incurred by the decedent as a director of the Union Horse Shoe Company, under section 13 of chap. 128 ; and the third count declares upon the four notes, as a claim against the estate by reason of liability incurred by him as president of the company, under sections 2 and 3 of chapter 128.   It is not denied but that each of these counts states a case upon which the decedent, if he were still alive, would have been liable, either in an action on the case brought against

him personally, as provided by section 18 of chapter 128, or by a suit in equity under the twentieth section. But he is dead, and the question is, whether the notes, or any of them, are a claim against his estate, upon which his administrator can be sued in in this action.

After the death of Byron Sprague, his estate was represented insolvent, and commissioners appointed thereon, to whom the plaintiff in due time presented the notes, as a just claim and debt against the estate, and, the same having been rejected by the commissioners in their report, he has proceeded under the statute to bring this action against the administrator.

The counsel for the defendant contends, that the plaintiff has no claim or debt against the estate, within the meaning of the statute regulating the settlement of insolvent estates of deceased persons, by reason of any of the liabilities incurred by the decedent, as alleged in the plaintiff's declaration.

The statute regulating the settlement of insolvent estates of deceased persons, (Rev. St. ch. 158,) uniformly speaks of the persons entitled under its provisions against the estate as "creditors," and of the right by virtue of which they shall be so entitled, as a "claim" or "debt." The first section provides (subject to certain preferences) that "when the estate of any person deceased shall be insolvent, or insufficient to pay all the just *debts which the deceased owed*, the same shall be distributed to and amongst all the creditors in proportion to the sums to them respectively owing, so far as the said estate shall extend." The statute further provides for having the estate represented insolvent, and for commissioners to examine the claims against the estate, and to make their report and present a list of the claims by them allowed. The eighth section provides that " notwithstanding the report of the commissioners, any creditor whose claim is wholly or in part rejected may have the same determined at common law, in case he shall give notice thereof in writing in the office of the clerk of probate within forty days, and bring and prosecute his action within sixty days, after such report shall be received."

We do not find it necessary, for the purposes of this case, to

decide whether every liability of a decedent which gives an action
or cause of action that survives, either by statute or at common
law, constitutes a claim which is provable before the commis·
sioners upon his estate, the same being represented insolvent.
But supposing that it does, we think that at least we cannot go
beyond that, and hold that a liability which does not give an ac-
tion or cause of action that survives, will constitute such a claim ;
for by the eighth section, above quoted, any creditor whose claim
is wholly or in part rejected may have the same determined *at
common law*, in case he shall give notice, etc., and bring and
prosecute his *action* within sixty days.

Do the liabilities, upon which the second and third counts of
the plaintiffs declaration are based, give actions or causes of
action that survive ? If they do, it is because the actions or
causes of action which they give survive at common law, for
they are not within the statutory provision for the survivorship
of certain causes of action and actions in addition to those
which survive at common law. (Rev. Sts. c. 176, § 10.)

According to the leading case of *Hambly* v. *Trott*, Cowp. 372,
which has been uniformly recognized as authority in subsequent
cases ; *Cravath* v. *Plympton*, 13 Mass. 454 ; *McEvers* v. *Pitken*,
1 Root, 216 ; *Martin* v. *Bradley*, 1 Caines, 124 ; *Franklin* v. *Low
& Swartwout*, 1 Johns. 396 ; *The People* v. *Gibbs*, 9 Wend. 28 ;
personal actions of tort do not survive at common law, though
if the estate of the guilty party have derived a gain or benefit
from the tort, it may be competent for the other party to waive
the *delictum* and proceed against his representative for the value
of such gain or benefit, by an action however in form *ex contractu* ;
for the common law respects the form, and will not, even in
such cases, allow an action *ex delicto* to be maintained. And in
*The People* v. *Gibbs*, *supra*, it was held an action of *assumpsit*,
being the remedy given by the statute, would not lie against
the executors of a sheriff for the fault of his deputy in return-
ing process—the cause of the action being a tort.

In this case there is no contract between the plaintiff and the
decedent expressly alleged or proved ; nor is it shown that the
estate of the decedent has been increased by any thing done or

omitted to be done, whereby the liabilities alleged in the second and third counts were incurred, which would warrant the presuming of any contract,—each of these counts being framed simply with a view to show a case of statutory liability ; and therefore, under the rule laid down in *Hambly* v. *Trott*, the plaintiff cannot recover by reason of these liabilities, or either of them, unless the statute gives them, or one of them, the effect of a contract on the part of the decedent to assume the debts of the corporation, to the extent of its liability, as his own individual debts.

The statute does not expressly declare, nor does it in our opinion contain language which necessarily imports, that this shall be the effect of the liabilities, or of either of them, when incurred ; and, such being the case, we do not think we ought to construe them, or either of them, as equivalent to such a contract. The liabilities accrue in consequence of a neglect and a violation of duty, or, in other words, of a *tort*, which signifies not merely *misfeasance*, but also *nonfeasance*, where there is duty to be done. The action brought is that which is given by the statute, to wit, an action on the case, which, conforming to the statute, alleges no promise on the part of the decedent,—as indeed, it properly could not, without the authority of the statute, there. being in the view of the law no privity of contract between a creditor of the corporation and its officers, in the absence of special agreement. We are therefore, brought to the conclusion that the liability alleged, either in the second or the third count, does not give a cause of action which survives the person affected by the liability, or which constitutes at law a valid claim against his estate. We refer to the following cases as cases which, though not precisely in point as precedents, throw light upon the subject; *Kelton* v. *Phillips*, 3 Met. 61 ; *Knowlton* v. *Ackley*, 8 Cush. 93 ; *Gray* v. *Coffin*, 6 Cush. 192 ; *Sanford* v. *Haskell*. 50 Maine, 86 ; *Erickson & others*, v. *Nesmith & others*, 4 Allen, 233.

In Massachusetts, in the case of *Bangs* v. *Lincoln*, 10 Gray, 600, it was held that the liabilities of officers of a manufacturing corporation for the corporate debts, under the Mass. Rev. Sts. ch. 88, §§ 19, 20, were not provable against their estates in insol-

vency, "because the liability thereby created is not a debt, but a right of action in behalf of a creditor, for neglect or omission to perform certain official duties."

There are cases from Ohio and New York in which similar liabilities have been considered as penal, and not in the nature of contracts. Thus, in *Lawler et als.* v *Burt*, 7 Ohio State, 340, in an action brought to charge certain stockholders and directors of a corporation upon an individual liability imposed by statute, to pay the amount of certain notes issued by the corporation so made as to circulate as money, it was held that the liability was not in the nature of a contract but of a penalty, an action on which would be barred in four years. And see also *Sturgess* v. *Barton*, 8 Ohio State, 215.

In *Andrews* v. *Murray*, 33 Barb. 354, under an act making the trustees of an incorporated company jointly and severally liable for its debts, in case of neglect to make and file the report mentioned in the act, it was held that one trustee who had paid for the company a large sum of money at their request, could not by reason of this liability recover of co-trustees a proportionate amount thereof, upon the ground that where the liability arises *ex delicto*, there is no contribution among the wrongdoers. And in the case of *The Shaler* & *Hall Quarry Co.* v. *Bliss*, 34 Barb. 309, the court, speaking of the same liability, say : " The liability of the trustees, by that section, is of the nature of a penalty or punishment for the omission of duty." And see Abbott's Dig. Law of Corp. p. 392, §§ 150, 151, citing *Merchants' Bank of New Haven* v. *Bliss*, 1 Rob. 391 ; *Bird* v. *Hayden*, 1 Rob. 383.

In *Halsey* v. *McLean*, 12 Allen, 438, the Supreme Court of Massachusetts refused to enforce a liability, incurred under the New York acts, because of the "qualified and penal character" of the provision creating the liability according to the construction given to it by the New York Court of Appeals, citing *Garrison* v. *Howe*, 17 N. Y. 468 ; *Boughton* v. *Otis*, 21 N. Y. 261 ; *Chambers* v. *Lewis*, 28 N. Y. 454.

These decisions support the view which we have taken of the nature of the liabilities incurred by the decedent, as president and director of the Union Horse Shoe Company.

Whether the plaintiff still has any remedy in equity, or whether he has any remedy under chapter 128, section 23, of the Revised Statutes, are questions which do not in our view arise in this case, and as to which we express no opinion. We think the plaintiff is not entitled, upon the case which he makes by his declaration, to recover, and we therefore give the defendant judgment for his costs.

*Judgment for the defendant.*

After the rendition of the foregoing opinion, the plaintiff moved for a rehearing, and also filed a bill in equity against the defendant.

This bill claimed that the amount of the promissory notes therein described, made by the Union Horse Shoe Company, a manufacturing corporation incorporated at the May session, 1864, of the General Assembly, and included within and subject to the provisions of chapter 128 of the Revised Statutes, and of the acts in amendment of and in addition thereto, and of which company the said Byron Sprague was a member, stockholder and director from its organization in 1864, until his decease in July, 1866, was a claim or debt against the estate of the decedent, and should be added to the claims and debts theretofore allowed by the commissioners appointed, upon representation that said estate was insolvent, to examine the claims against the said estate.

The bill alleged that Byron Sprague in his lifetime became liable for the debts aforesaid due from said corporation to the complainant, as a member of said corporation under the provisions of sections 1 and 2 of chapter 128 of the Revised Statutes, as a stockholder under the provisions of sections 11 and 12 of said chapter 128 and chapter 266 of the Statutes of said state, and as a director under the provisions of section 13 of said chapter 128; and also that the estate and funds in the hands of the respondent, who as administrator of the estate of Byron

Sprague, and since his decease had held the shares in said corporation which were owned by the said Byron Sprague in his life time and voted upon and represented the same as a stockholder of said corporation at the meetings thereof held since the death of said Byron Sprague, were liable for the payment of the debts aforesaid under the provisions of section 23 of said chapter 128.

The bill also averred that the moneys advanced by the complainant to said corporation upon the notes aforesaid were applied to the payment of the debts of said corporation, for the payment of which the said Byron Sprague then in full life was personally and individually liable, that the complainant recovered judgment at the October term, 1867, of this court upon said notes against the said corporation, that the respondent was duly appointed administrator of the estate of said Byron Sprague, that said estate had been represented insolvent, that commissioners had been appointed to receive and examine claims against said estate, to whom the complainant's said claim was within the time limited therefor presented, and who in their report wholly rejected the same. The bill further averred that after payment in full of said claims allowed, the respondent would have in his hands, of the estate of Byron Sprague, sufficient to pay the claim aforesaid of the respondent.

The bill prayed that the respondent might be decreed to pay to the complainant the amount due and owing to him as aforesaid, or that his said claim might be decreed to be valid against the said estate and might be added to the debts allowed and reported by said commissioners, to be paid in the regular course of the administration of said estate, and for general relief.

The answer admitted all the allegations and averments of the bill, excepting as to the allegations that the capital stock had not been paid in according to section 1 of chapter 128, as to the extent of the excess of the debts over the capital stock paid in under section 13 of said chapter 128 and as to any surplus after the payment of the claims which had been allowed.

And it was agreed between the parties that if the complainants claim in the judgment of the court depended upon any lia-

bility under the 13th section of said chapter 128, the amount of such excess should be thereafter ascertained, and if the complainant's claim depended upon the fact of a surplus after the payment of the claims allowed, that the bill should be retained until it was ascertained whether there was any such surplus or not. Under this agreement, the cause came on for hearing upon the bill and answer.

The action at law also stood for re-hearing with the bill, and the question was, whether or not the complainant's said claim was a valid claim, either in whole or in part, at law or in equity, against the estate of the said Byron Sprague.

*Eames and James Tillinghast, for the complainant:*—

I. The liabilities of members and stockholders of manufacturing corporations when by the statute they are made jointly and severally liable for the debts of the corporation, whether under section 1 or section 12, is that of principal debtors, primary and not secondary. *Bordman* v. *Osborn,* 23 Pick. 301; *Hayes et al.* v. *McCullough,* 2 Denio, 119; *Bullard* v. *Bell,* 1 Mason, 243 (per Story J., 299;) *Mokellum Hill Canal Co.* v. *Woodbury,* 14 Cal. 265; *New Eng. Com. Bank* v. *Stockholders Newport Steam Mill,* 6 R. I. 151; *Allen* v. *Sewell,* 2 Wend. 327 (per Savage C. J. 338, &c.); *Bank of Poughkeepsie* v. *Ibbotson,* 24 Wend. 473; *Stedman* v. *Eveleth,* 6 Met. 120. The Massachusetts cases, which seem to hold that the liability under their manufacturing corporation acts is in its nature secondary, and not primary, have all arisen under statutes very different from our own, either under that of 1808 or under the amended act of 1851, which made it "in substance very similar to that of 1808." *Bangs* v. *Lincoln,* 10 Gray 605. It is believed no case has arisen involving this question of the nature of the liability in Massachusetts under the statute of 1829 substantially reënacted in Revised Statutes of 1836, (see 4 Met. 4, 6 Met. 120), of which our statute is almost a literal copy, prior to its essential modification by the amendment in 1851, which it is needless to say, never has been adopted in this state, while in several cases the court has been particular to point out the marked change in the nature of the liability created by that amendment. *Ripley* v.

*Sampson*, 10 Pick. 373. The statute of 1821, here referred to, being in respect of the liability declared, substantially the same as that of 1829. *Boardman* v. *Osborn*, 23 Pick. 300, 301 ; *Kelton* v. *Phillips*, 3 Met. 63 ; *Dane* v. *Dane Manuf'g Co.* 14 Gray, 489.

II. This being the nature of the liability, it necessarily and upon settled principles survives against the estate. But it is claimed that the remedy at law as against the estate is taken away by section 19 prescribing a special remedy in case of living stockholders which cannot be pursued against their estates. As to this, we submit : 1. That this section 19 does not apply to the liability created by the first section, and that therefore the creditor's remedy under section 1 remains as at *common law*. *Boardman* v. *Osborn*, 23 Pick. 301. 2. That the remedy prescribed by section 19 is not exclusive. *Ex parte Van Wiper*, 20 Wend. 616. 3. That it is only a remedy prescribed as against *living* stockholders, leaving the creditor to pursue his remedy against the estate of an insolvent deceased stockholder under chapter 158 in the same manner as for other debts. *Dane* v. *Dane Manufacturing Co.* 14 Gray, 490. 4. Section 23 renders the estate liable in the hands of the executor or administrator in like manner and to the same extent as the decedent would have been, if living, and prescribes no remedy, here also leaving the creditor to his remedy under chapter 158. *Bailey, Admr.,* v. *Hollister, Admr.* 26 N. Y. 112 ; *Drew* v. *Duncan et al.* 41 Barb. 520 ; *Stedman* v. *Eveleth*, 6 Met. 114 ; *Gray* v. *Coffin*, 9 Cush. 201, 202.

III. But however this may be, the concurrent remedy given by the statute in equity and which *is* an appropriate remedy against the estate, remains unaffected. This is so even in the case of partnerships. 1 Story Eq. Jur. § 676. To which, indeed, the liability created by the first section particularly has been likened. *Boardman* v. *Osborn*, 23 Pick. 301, *supra ; New Eng. Com. Bank* v. *Newport Steam Factory Co.* 6 R. I. 154, (189). And the liability being several as well as joint, the bill equally well lies against one or all of the estates or stockholders liable for the debt. Story, Eq. Plead. § 159 ; 27 Equity Rule of Court. This remedy in equity clearly remains against the estates of

Moies v. Sprague, administrator.

solvent decedents; and it must also remain against insolvent estates unless the court hold that the special remedy given by chapter 158 is prescribed as well for equitable as for legal claims. In other words, either in the case of debts and claims that can only be enforced in equity, this court must have jurisdiction to decree the claim when ascertained, to be added to the commis sioners' report, or else the proper construction of chapter 158 must be to embrace equitable as well as legal debts and claims, as otherwise valid debts and claims that can only be enforced and collected in equity, may at the mere pleasure or caprice of the commissioners or of the executor or administrator even, be entirely excluded from payment. See *Gray* v. *Coffin*, 9 Cush. 201, 202; *Painter* v. *Houston*, 3 Mer. 296 (302); *Brown* v. *Slater*, 16 Conn. 192; *Camp* v. *Grant*, 21 Conn. 41; *Colburn* v. *Tilton*, 26 Conn. 365; *Sparhawk* v. *Russell*, 10 Met. 305; *Stedman* v. *Eveleth*, 6 Met. 114.

IV. As to liability as director. This liability, as created by section 13, is also that of principal debtor, and the action prescribed is case, and by section 22, any officer may recover of the corporation in an action for money paid to its use, and in this case the bill avers, and the answer by not denying it, admits that Byron Sprague in his lifetime derived a direct benefit from the moneys advanced by the complainant on these notes, by their being applied to the payment of the debts of the corporation, for which he was then personally liable. *Crabath* v. *Plympton, Adm.*, 13 Mass. 404.

V. At all events, the complainant is entitled to recover under section 23, for the note given on the 23d of August, 1866, after Byron Sprague's decease.

*B. F. Thurston, for the respondent :—*

I. The only material inquiry now, is, whether (assuming the court will adhere to its judgment upon the case of Moies vs. Sprague, Adm. at law) the complainant has any relief in equity.

II. He must found his claim to relief upon some provision of the statute; for the plain reason that the liability, if any, is created by statute, and the remedy, if any, must be found in the statute.

III. The clause upon which any authority to proceed in equity can alone be claimed, is section 20 of chapter 128 of the Revised Statutes.

IV. This section expressly contemplates that the proceedings shall be against *all* the officers and stockholders according to the practice in equity for a contribution according to the principles of equity, and not against a single stockholder or officer.

V. This bill, if it can be sustained at all against the estate of a deceased stockholder, and officer, cannot be sustained except against *all* the parties liable in the same degree.

VI. But no bill can be maintained against the insolvent estate of a deceased stockholder at all, although properly framed it might be maintained against the living co-defendants.

VII. This defendant submits—1. That chapter 128 of the Revised Statutes in relation to the liability of stockholders and officers of manufacturing corporations, for the debts due from such corporations, is, in the case of insolvent estates of deceased persons, to be construed with reference to the provisions of chapter 168 of the Revised Statutes, regulating the distribution of such estates. 2. That claims on the part of creditors for debts due from a manufacturing corporation, against the insolvent estates of deceased persons, founded on the liability of such decedents as stockholders in such corporation, to pay the debts thereof, are not provable against such insolvent estates. 3. That if any part of the decedent's estate is liable in the hands of the defendant to the claims of the complainant against the decedent, as a stockholder in the Union Horse Shoe Company, it is only such portion, if any, as shall remain in the hands of the defendant as administrator after the settlement of his account, and the payment of the claims allowed by the commissioners. 4. That the true construction of section 23 of chapter 128 of the Revised Statutes, is not that the estates of deceased persons are liable in the hands of administrators for the past debts of the company contracted during the life of the decedent, and for acts of misfeasance or nonfeasance, on the part of such decedent while in full life, as officer of such company; but that such estate is liable only for debts contracted by the corporation after the

decease of the stockholder, and the appointment and qualification of the administrator.

VIII. This section, however, is to be construed with reference to chapter 158, and the utmost advantage that would accrue to the complainant would be, to give him a claim upon the administrator for the payment out of the funds remaining after paying the debts of creditors, and if this liability is to be enforced in equity, it should be upon proceedings against all parties equally liable.

DURFEE, J. In a case at law between these parties, formerly tried, we decided that the plaintiff could not maintain his action against the defendant, as administrator of the estate of Byron Sprague, deceased, on a liability to pay certain notes of the Union Horse Shoe Company, incurred by the said Byron Sprague under Revised Statutes, chapter 128, sections 2, 3 and 13, for the reason that the liability created by those sections is a *tort*, and does not survive. In the same case we also decided that a liability to pay said notes, incurred by the said Byron Sprague, under the 11th and 12th sections of chapter 128, which had been made the basis of a claim against his estate, represented insolvent, and disallowed by the commissioners, could not be prosecuted at law by an action of the case, for the reason that the statute creating the liability gives different remedies, and in such case the rule is, that the prescribed remedy is the only remedy. The plaintiff has moved for a rehearing, upon the ground that the decision was erroneous. We are not, however, convinced by the arguments which have been addressed to us, that the decision ought to be either reversed or modified.

The plaintiff also has now filed a bill in equity, to charge the estate of the said Byron Sprague with the payment of the said notes, and relies for relief not only on the sections of chap. 128, above named, and on the twenty-third section, but also, and more especially, on the first section of that chapter.

We agree with the plaintiff, that the liability imposed by chapter 128, section 1, is direct and primary. We also think it in the nature of a debt. The section provides that, until the capital is paid in and a certificate thereof recorded, the members

of the company shall be jointly and severally liable for all debts and contracts made and entered into by the company, leaving it optional with them to incur the liability or not. There is no requirement that they shall pay in more capital and record the certificate, the neglect to observe which might be regarded as a *tort*, entailing the liability by way of penalty.

Does it follow from this construction, that the estate of a deceased member, who has incurred the liability, is bound for its payment on the same footing as his personal debts? If the estate is so bound, it will follow that it may be charged with all the debts of the corporation contracted before the member's decease, whether due or to become due, and whether the corporation is solvent or insolvent. The question is, therefore, one of great interest, in its relations to the settlement of the estates of persons deceased.

The statute regulating the settlement of insolvent estates of deceased persons, (Rev. St. ch. 158,) provides, in regard to any claim rejected by the commissioners or stricken from their report, that the claimant may proceed at common law in the manner therein prescribed, and specifies no other relief except by reference under a rule of court. The inference is, that any claim which cannot be prosecuted at common law, is not provable against the estate; for it is not to be supposed that it was intended that any person having a claim provable against the estate should be without relief, if the same were improperly rejected, or that any claim should be prosecuted at common law to which a common law action is inapplicable.

Of course this construction excludes all claims, which can be pursued only in equity, from proof before the commissioners. The argument against this construction, from the injustice of the exclusion, is cogent; but in view of the fact that there was a time when a claim which could only be pursued in equity necessarily failed for want of chancery jurisdiction in the courts, and that these provisions of the statute remain now substantially as they were at that time, we do not deem the argument conclusive. In fact, the defect of the statute, if it can be regarded as such, is probably owing to its having remained so long without

material change, notwithstanding the changes which have been made in other parts of the law of the state. We are of the opinion that a claim which cannot be prosecuted in an action at law, cannot be proved, under chapter 158, before commissioners on an insolvent estate.

The plaintiff contends, that his claim, in so far as it arises from a liability incurred under chapter 128, section 1, can be prosecuted in an action at law, upon the ground that the members of a manufacturing company are not to be considered as incorporated, whatever else may have been done, until the capital has been paid in, and a certificate thereof recorded ; and that, until then, the company debts and contracts may be regarded as the personal debts and contracts of the members. He contends that, agreeably to this view, the word " members" is used in the first section, and the word " stockholders" in the other sections, as if a distinction were intended between them. We think, however, that this construction is inadmissible, and that it would be going too far to infer a distinction between members and stockholders, from the manner in which the two words are used in the statute. We think, further, that the remedies prescribed by sections 19 and 20 are applicable in respect to the liability created by the first section, as well as in respect to that created by the 11th and 12th sections of chapter 128.

But may not the plaintiff's claim, even if not provable before the commissioners, be ascertained in equity, and added by decree to the report of the commissioners ? We think not. We know of no principle which would authorize a court of chancery to add to the claims allowed by the commissioners any claim which is not provable before them. The statute requires that the estate represented insolvent, subject to certain preferences, shall be applied *pro rata* to the payment of creditors who have proved their claims before the commissioners, and provides for no modification of their report, except by an action at law, or by a reference under a rule of court. If it be said, that to confine the payment to such claims is to allow an unjust discrimination against claims which cannot be prosecuted at law, we can only repeat in reply, that the injustice, if any, is attributable to

a defect in the statute; and it is not within the province of a court of chancery, in the absence of any special ground of jurisdiction, to supply a defect in the statute of the state. We therefore refuse to add the plaintiff's claim to the claims reported by the commissioners.

We think section 23, chapter 128, which has been referred to in aid of the plaintiff's claim to payment in common with other creditors, does not support that claim. The section exempts executors, administrators, guardians, trustees, and pledgees, from personal liability, and leaves the pledgor and the estates in the hands of such executors, administrators, guardians, and trustees, to respond to any liability incurred under the chapter. It gives no new common law remedy, by reason of which the liability is entitled to proof against an estate which has been represented insolvent.

But although we cannot add the plaintiff's claim to the allowed claims for payment with them, we are nevertheless of the opinion, that in so far as it is a claim arising upon a member's or stockholder's liability, it is entitled to participate in the surplus, if any, remaining after the payment of allowed claims. For the liability of a member or stockholder, even if it be not of a nature to survive at law, would yet devolve on the defendant, as administrator, under chapter 128, section 23, and bind the decedent's estate in his hands, not required to meet the charges specially imposed upon it by chapter 158.

One of the notes in respect of which the plaintiff makes claim, was not given by the Union Horse Shoe Company until after the decease of Byron Sprague. We think the claim in respect of this note must stand on the same footing as the claims in respect of the others, inasmuch as it can no more be prosecuted by an action at law than the others. It is true the 23d section of chapter 128, in declaring the extent of the liability of an estate in the hands of an executor or administrator, uses very broad language; but nevertheless, the liability can only be enforced to the full extent implied by that language when the estate is solvent; where the estate has been represented insolvent, regard must be had to the chapter regulating the settlement of

insolvent estates, and the section construed so as not to conflict with its provisions. Indeed, the defendant being liable not only as administrator, but also as the successor of the decedent, the claim on the latest note cannot be entitled to any right of payment out of the estate which would not likewise, under section 23, accrue to the claims on the earlier notes.

We therefore decide that the plaintiff's petition for a rehearing of the action at law must be dismissed, and that his bill in equity shall be retained, according to the agreement of the parties, till the surplus, remaining after the payment of the claims payable under the report of the commissioners, if any, is ascertained.

*Decree accordingly.*